MARK E. OLIVE, Fla. Bar #578533
Law Offices of Mark E. Olive, P.A.
320 West Jefferson Street
Tallahassee, Florida 32301
(telephone)    850-224-0004
(facsimile)    850-224-3331

QUIN DENVIR, SB #49374
Federal Defender
JOSEPH SCHLESINGER, SB #87692
Assistant Federal Defender
TIM SCHARDL, Fla. Bar #73016
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, California 95814
(telephone)    916-498-6666
(facsimile)    916-498-6656

Attorneys for Petitioner Stanley

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD FRANK STANLEY,<br><br>    Petitioner,<br><br>vs.<br><br>STEVEN ORNOSKI, Acting Warden of the California State Prison at San Quentin,<br><br>    Respondent. | NO. CIV 95-1500-FCD/GGH<br><br>**DEATH PENALTY CASE**<br><br>**PROTECTIVE ORDER** |

It is hereby ORDERED that the following procedures will apply to (a) production to respondent of any documents prepared by or possessed by Petitioner's trial counsel or any person or persons, agencies, or business entities who worked with, for, or as agents of Petitioner's trial counsel, (b) production to respondent of any documents related to any mental health examination of Mr. Stanley conducted at the request of his counsel in any proceeding, and (c) any deposition or hearing testimony to be given in this case by Mr. Stanley, his trial counsel, or any

investigators, experts, or other ancillary personnel employed or retained by them before or during trial (hereafter, collectively, the "trial defense team"):

### A

1. The provisions of this Order apply generally to any production of the documents described *supra* on page 1 (lines 23-27), either voluntarily or pursuant to Order of the Court. Any materials as to which there exists legitimate grounds for dispute as to relevance may be submitted to the Court for *in camera* inspection. Mr. Stanley's habeas counsel will provide two copies of any such materials to the Court for *in camera* inspection. A third copy of the materials will be retained by Mr. Stanley's habeas counsel.

2. Each page of the materials to be submitted for *in camera* inspection will be marked with a consecutive page number in the lower right corner or some other consistent location so that every page can be identified by a distinctive number.

3. The Court will inspect the materials and determine (A) whether, and to what extent, respondent disputes an allegation of Mr. Stanley to which the materials are relevant, and (B) whether Mr. Stanley's allegations have sufficient merit for the Court to find respondent has good cause for obtaining the materials.

4. The Court will inform Mr. Stanley's counsel *ex parte* which, if any, of the materials it finds to meet the criteria in the preceding paragraph and therefore intends to order disclosed to respondent. Mr. Stanley's counsel will have fifteen days within which to object and show reasons, *ex parte*, why any of the materials that the Court intends to order disclosed should not be disclosed. If the Court then decides to order the disclosure of any materials over Mr. Stanley's objections, the Court will designate those materials, inform counsel for the Mr. Stanley of its ruling and the designation *ex parte*, and seal the materials and all papers generated by the procedures prescribed in this paragraph. Mr. Stanley will have ten days within which to seek review of the Court's disclosure ruling.

### B

5. Each page of the materials produced to the respondent without *in camera* inspection will be marked with a consecutive page number in the lower right corner or some other

1 consistent location so that every page can be identified by a distinctive number.

2       6. The State shall keep sealed and confidential all of the materials that are disclosed
3 to it in response to these discovery requests, whether after *in camera* review by the Court or not, all
4 discovery deposition testimony given in this case by Mr. Stanley or any member of the trial defense
5 team, and all information contained therein or derived directly or indirectly therefrom. None of
6 these materials, testimony or information shall be revealed to any person other than counsel for the
7 State and persons working under their direct supervision in connection with these habeas corpus
8 proceedings without prior authorization of the Court ordered on motion pursuant to fifteen days'
9 notice filed under seal and served on counsel for Mr. Stanley. Except with such prior authorization,
10 none of the materials or testimony and no information contained therein or derived directly or
11 indirectly therefrom shall be used in any way or for any purpose except in connection with the
12 litigation of the claims presented in the petition for writ of habeas corpus pending before this Court.

13       7. All documentary evidence produced by either party shall be Bates-stamped with
14 identifiers unique to this proceeding to facilitate reference to such documents in this and any future
15 proceedings.

16       8. Any discovery depositions in these habeas corpus proceedings in which the
17 materials are referred to or at which Mr. Stanley or any member of the trial defense team testifies
18 will be held in such a way that the materials and testimony and all information contained therein or
19 derived directly or indirectly therefrom remain confidential and are not disclosed to any persons but
20 the parties, the court, and necessary court personnel. Discovery deposition testimony of Mr. Stanley
21 or his defense team may be subject to disclosure beyond the limitations stated in this Order only
22 upon a prior determination by the Court that specific, identified information is not protected. Such
23 determination shall be made only after the State serves a motion providing notice of the specific
24 information it contends is not protected, and Mr. Stanley is given an opportunity to object to the use
25 or disclosure of the information beyond the limitations of this Order, as provided in Paragraph 6,
26 *supra*.

27       9. At the conclusion of these habeas corpus proceedings, the State shall file with the
28 court and serve upon counsel for Mr. Stanley a list of the names of all persons to whom any of the

materials, any deposition or hearing testimony given in these habeas corpus proceedings by Mr. Stanley or any member of the trial defense team, or any information contained therein or derived directly or indirectly therefrom has been disclosed by counsel for the State pursuant to or in violation of paragraph 8.  Prior to any retrial or prosecution of Mr. Stanley by the State, his counsel shall be notified of the names of all persons acting for or assisting the State in any way in the matter.

10.  This order shall continue in effect after the conclusion of the habeas corpus proceedings.  The court will maintain continuing jurisdiction over this matter for the purpose of enforcing the provisions of this order and imposing appropriate sanctions for any violation.

11.  The Court recognizes that Mr. Stanley contends the required disclosures in this action do not constitute a waiver of his rights under the 5th and 6th Amendment in event of any retrial.

DATED: 10/6/05

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

stan1500.po

Submitted by:

/s/ Tim Schardl
Tim Schardl
Assistant Federal Defender