IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GERALD F. STANLEY,

    Petitioner,                   No. CIV S-95-1500 FCD GGH P

    vs.

STEVEN ORNOSKI, Acting         **DEATH PENALTY CASE**
Warden of the California State Prison
at San Quentin,

    Respondent.                 <u>ORDER</u>

_____/

        The court will address herein one pressing problem that the parties have presented concerning discovery and evidence to be relied upon at evidentiary hearing, i.e., the matter of evidence related to the murder of Cheryl Wright, aka the Colusa County murder.[1]

<u>*Colusa County Murder Issue – Claim 27*</u>

        The court firmly ruled that no evidentiary hearing would be held on the so called suppression of the Colusa County District Attorney's decision not to seek an indictment against petitioner Stanley for the murder of Cheryl Wright. Nevertheless, respondent, and indirectly

---

[1] The court has previously apprised the parties that it will no longer respond to non-motion "requests" and the like which the parties were filing in lieu of acceptably noticed motions.

1

petitioner ask the court to clarify the extent to which the court will permit "relitigation" of the Wright (Colusa County) murder. The requests are based on a "court comment" at hearing, and petitioner's motion for clarification (Docket #540) regarding expansion of the record in which petitioner refers to the "ineffective assistance of counsel" aspects of Claim 27.

  Petitioner was tasked with specifically delineating the claims, or aspects of claims, upon which evidentiary hearing was sought. Petitioner did so in his motion filed April 8, 2005. Nothing in that motion, and in particular Claim 27, indicates that petitioner sought an evidentiary hearing on ineffective assistance of counsel regarding counsel's performance in investigating, or not, the Colusa County murder.

  Claims in a habeas corpus petition and evidentiary hearing motions are each given a title such that the opposing party may understand what particular federal constitutional provision was violated, and what is at issue. While rambling briefing or argument at times inserts some confusion, no confusion can be justified here. Claim 27 is entitled: "Mr. Stanley Is Entitle (sic) To An Evidentiary Hearing On His Claim Of Prosecutorial Suppression of Material Information (Claim 27)." Nothing in that section title indicates that petitioner has sought an evidentiary hearing on the basis of ineffective assistance of counsel, and the court only ruled on the issue presented. The court can find nowhere in the text of that issue presented in petitioner's motion where petitioner requests an evidentiary hearing at odds with the section title. The Amended Petition in this action limits Claim 27 to alleged suppression of evidence, and likewise does not base a claim involving the Wright murder on ineffective assistance of counsel. The court has also scrutinized the issues upon which petitioner did seek an evidentiary hearing based on trial counsel's performance. None of these issues mention or refer to the Colusa County Wright murder.

  Therefore, as one might expect, the ruling on evidentiary hearing concerning the Colusa County murder aspect of Claim 27, and necessarily, evidence related to that murder, only addressed the issue presented. Whether or not, in response to some comment at some hearing,

the undersigned responded back in such a manner as to confuse counsel, the point remains that the written order, which controls, unequivocally denied a hearing on the Colusa County murder issue as presented by petitioner. In other words, the court will not accept evidence at an evidentiary hearing on the facts of the Colusa County murder—that murder is not part of the evidentiary hearing presentation.

Accordingly, insofar as petitioner requests clarification of the previous order regarding evidentiary hearing regarding expansion of the record with further facts regarding the Colusa County murder, see Docket # 540, the court will not expand the record nor will it consider such facts for evidentiary hearing purposes.

DATED: 10/20/05

/s/ Gregory G. Hollows
_____
GREGORY G. HOLLOWS
U.S. MAGISTRATE JUDGE

stan1500.ccm