IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GERALD F. STANLEY,

      Petitioner,                    No. CIV S-95-1500 FCD GGH P

    vs.

STEVEN ORNOSKI, Acting          **DEATH PENALTY CASE**
Warden of the California State Prison
at San Quentin,

      Respondent.            <u>ORDER</u>

_____/

        Petitioner seeks reconsideration or clarification before the undersigned concerning the court's September 2, 2005, order regarding setting the issues for evidentiary hearing. Petitioner seeks to have the court rule on his motion to expand the record which was a collateral issue to the primary ruling designating the issues for evidentiary hearing.

        Expansion of the record is one of the anomalies of evidentiary practice in habeas corpus proceedings. While at evidentiary hearing, the rules of evidence apply Fed. R. Ev. 1101, Rule 7 of the Habeas Corpus Rules permits expansion of the record to include "materials relevant

\\\\\

\\\\\

\\\\\

1

to the determination of the merits of the petition."[1]  On its face, the Rule would appear to permit otherwise inadmissible evidence into the record for all purposes, without foundation, opinion or not, hearsay or not.

When an evidentiary hearing is held, the better practice is generally to await a witness' foundation and use of the exhibit in question, to place the exhibit in proper perspective, rather than simply admit it in quasi-ignorance for all purposes prior to the hearing.  There may be occasion at the end of the hearing to expand the record with respect to certain exhibits which were not used by a witness, but the time to exercise that discretion is best left to the end of the evidentiary hearing.

Of course, with respect to witnesses the court has found are not properly called at hearing, or for issues the court has found are not properly heard at evidentiary hearing, the court is not about to admit exhibits directly pertinent to that witness or issue.

On the other hand, as brought out by petitioner's counsel, there are times where it is logistically very difficult, inefficient, or not possible to have a witness brought to evidentiary hearing.  For example, if a witness is necessary only to lay a foundation for admission of other probative evidence, it might well behoove the court to expand the record.

Finally, the court does not have discretion to expand the record if, in doing so, the court would be acting contrary to 28 U.S.C. § 2254(e)(2). <u>Cooper-Smith v. Palmateer</u>, 397 F.3d 1236, 1241 (9th Cir. 2005).  Where additional evidence is offered to bolster a claim, the evidence may not be received via expansion of the record unless petitioner exercised diligence in presenting it to the state court.

Using the above, where pertinent, to direct the court's discretion, the court finds as follows:

\\\\\

---

[1] 28 U.S.C. § 2247 also allows as evidence at hearings "documentary evidence," presumably subject to evidentiary rules, but § 2246 allows affidavits.

Exhibit 1. The court has found the Morrissey declaration to be not probative as evidence as it consists of legal argument and exposition. Therefore, the court exercises its discretion to not permit the record to be expanded with this declaration. Of course, to the extent present habeas counsel desire to make the same points, the court will consider those points along with all other legal argument.

Exhibit 2. The admission of the Mitts declaration will come, if at all, at evidentiary hearing, and then only pursuant to the Federal Rules of Evidence.

Exhibit 3. Having determined not to hold an evidentiary hearing with respect to the juror Robinson issues, the court declines to expand the record.

Exhibit 4. The admission of the Sadler declaration will come, if at all, at evidentiary hearing, and then only pursuant to the Federal Rules of Evidence.

Exhibit 5. Having determined not to hold an evidentiary hearing with respect to the juror Schmedth issues, the court declines to expand the record.

Exhibit 6-8. The admission of the declarations will come, if at all, at evidentiary hearing, and then only pursuant to the Federal Rules of Evidence.

Exhibit 9. Admitted.

Exhibit 10. The admission of the Woods declaration will come, if at all, at evidentiary hearing, and then only pursuant to the Federal Rules of Evidence.

Exhibits 11-22. Admitted.

Exhibit 23. The admission of the Montague declaration will come, if at all, at evidentiary hearing, and then only pursuant to the Federal Rules of Evidence. (This is not to say that petitioner's experts may not rely on this declaration to the extent it would be proper to do so.)

Exhibits 24-45. Admitted except as to 44. (Exhibit 44 will require foundation).

\\\\\

\\\\\

1 Exhibit 46-51. Having determined not to hold an evidentiary hearing with respect to Colusa County Grand Jury issues, the court declines to expand the record.

DATED: 10/25/05

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
U.S. MAGISTRATE JUDGE

stan1500.expand