UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

GERALD F. STANLEY,

          Petitioner,

    v.

JEANNIE WOODFORD,

          Respondent.

NO. CIV. S-95-1500 FCD GGH P

<u>DEATH PENALTY CASE</u>

<u>MEMORANDUM AND ORDER</u>

----oo0oo----

This matter is before the court on petitioner Gerald Stanley's request for reconsideration of the magistrate judge's order, entered September 20, 2005 (Docket #542).[1]  In said order, despite finding "no good cause . . . to modify the scheduling order," the magistrate judge granted respondent a brief extension to time to file its expert's report.  (Order, filed Sept. 20,

---

[1] The case was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Eastern District Local Rule 72-302.

2005, 2:6-10.)[2]  The magistrate judge did so "in order to avoid a probable default on the mental health issues."  (Id. at 2:8.)

Petitioner seeks reconsideration of this order arguing that the magistrate judge should have *excluded* the expert testimony for untimely disclosure pursuant to Federal Rule of Civil Procedure 37(c)(1).[3]  Under Rule 37, exclusion of evidence is mandated unless the failure to disclose the required information is substantially justified or harmless.  Id.  While petitioner is correct that the magistrate judge found respondent's failure to disclose unjustified, he is incorrect that exclusion is required because there is no prejudice to petitioner by virtue of the late disclosure.

As a non-dispositive pre-trial matter, the magistrate judge's instant order is governed by the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A).  As such, his order cannot be set aside or modified unless the findings of fact are clearly erroneous or the conclusions are contrary to law.  Fed. R. Civ. P. 72(a); Grimes v. San Francisco, 951 F.2d 236, 239-40 (9th Cir. 1991).  The order should be modified or set aside only if the reviewing court is left "'with the definite and firm conviction,' that the [Magistrate Judge's] key findings are mistaken."  Easley v. Cromartie, 532 U.S. 234,

---

[2] Respondent's expert's report was due September 7, 2005; rather than file its expert's report that day, respondent moved for clarification and/or to modify the magistrate judge's scheduling order as to the necessity for filing expert reports. Per the magistrate judge's September 20 order, respondent was given to September 30, 2005 to file its expert's report.

[3] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

243 (2001) (citation omitted).

Here, while the magistrate judge did not expressly find a lack of prejudice to petitioner, petitioner's own request for reconsideration as well as the underlying record reveal a lack of prejudice to petitioner. While admittedly shortening the applicable deadlines, the magistrate judge's order did not preclude petitioner from deposing respondent's expert after receipt of his report. Indeed, some two weeks remained before the close of discovery on October 13, 2005. Likewise, in light of the magistrate judge's express invitation to petitioner's counsel to "seek monetary sanctions [against respondent], if counsel so [desired]," the magistrate judge would have likely been receptive to granting petitioner an extension of time to depose respondent's expert, if necessary based on respondent's late disclosure of its expert's report. In that regard, the court notes that the magistrate judge's October 27, 2005 order granted such an extension of time to petitioner (see Order at 2:6-8 [granting petitioner to and including December 9, 2005 to depose respondent's expert]). Because petitioner was not prejudiced by the late disclosure, the court cannot find the magistrate judge's order "clearly erroneous or contrary to law."[4]

---

[4] The court also finds petitioner's "waiver" argument (not discussed by the magistrate judge in his order) unavailing. Respondent did not violate the magistrate judge's scheduling order, requiring objections thereto by September 22, 2004, by filing the subject "motion to clarify or modify." Nothing in the scheduling order prevented respondent from later seeking clarification or modification, pursuant to Federal Rule of Civil Procedure 16.

3

Petitioner's motion for reconsideration of the magistrate judge's September 20, 2005 order is therefore DENIED.

DATED: November 8, 2005

                                         /s/Frank C. Damrell, Jr.
                                         FRANK C. DAMRELL, Jr.
                                         UNITED STATES DISTRICT JUDGE