UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

GERALD F. STANLEY,

          Petitioner,

    v.

STEVEN ORNOSKI,

          Respondent.

NO. CIV. S-95-1500 FCD GGH P

DEATH PENALTY CASE

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on petitioner Gerald Stanley's request for reconsideration of the magistrate judge's order, entered September 2, 2005.[1] In said order, the magistrate judge ruled upon petitioner's entitlement to an evidentiary hearing as to Claims 1, 2, 4, and 21-27 of his amended habeas petition, filed September 30, 2002. As to certain claims, petitioner was granted a hearing, and as to others he was denied

---

[1] The case was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Eastern District Local Rule 72-302.

a hearing. (Order re: Evidentiary Hearing Issues, filed Sept. 2, 2005 [Docket #524].)

Petitioner now seeks reconsideration of this order as to the following findings: (1) subsection 3(g)[2] of Claim 1 of the amended petition is procedurally barred; (2) the declaration of Ms. Morrissey is excluded for purposes of the evidentiary hearing on petitioner's ineffective assistance of counsel claim; (3) petitioner has withdrawn his shackling claim; and (4) petitioner is not entitled to an evidentiary hearing on Claim 27 (regarding the alleged suppression of evidence related to an inquiry by the Attorney General's Office into the evidence the prosecution relied upon as an aggravating circumstance).

As to the second and fourth findings, pertaining to petitioner's entitlement to an evidentiary hearing, they raise non-dispositive pre-trial issues, and as such, the magistrate judge's order is governed by the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A). His order cannot be set aside or modified unless the findings of fact are clearly erroneous or the conclusions are contrary to law. Fed. R. Civ. P. 72(a); Grimes v. San Francisco, 951 F.2d 236, 239-40 (9th Cir. 1991). The order should be modified or set aside only if the reviewing court is left "'with the definite and firm conviction,' that the [magistrate judge's] key findings are mistaken." Easley v. Cromartie, 532 U.S. 234, 243 (2001)

---

[2] The magistrate judge refers to this subsection as "1(g)" in the Order, which appears to be in error (Order at 6 n. 5); the habeas petition, filed September 30, 2002, describes this subsection as "3(g)" of Claim 1 (Hab. Pet. at 87).

2

(citation omitted).

Having carefully reviewed the magistrate judge's order and petitioner's objections thereto,[3] the court finds the second and fourth findings above to be supported by the record and by proper analysis. As such, the court cannot find them clearly erroneous or contrary to law. Petitioner's motion for reconsideration as to these findings is therefore DENIED.

However, the first and third findings present dispositive issues which ordinarily would be first subject to findings and recommendations of the magistrate judge. (See e.g. F&R, filed March 3, 2004 [addressing respondent's procedural default affirmative defense]; Mem. & Order, filed Aug. 3, 2005, adopting the same.) This adjudicative process is appropriate here. Thus, rather than decide these issues in the first instance, by application of the *de novo* standard of review, the court finds that the magistrate judge should be given the opportunity to prepare findings and recommendations on the first and third findings relating to the procedural bar to subsection 3(g) of Claim 1 and petitioner's withdrawal of his shackling claim, respectively. Such findings and recommendations will provide a fuller analysis of the issues, particularly in light of petitioner's extensive arguments supporting his request for reconsideration. Accordingly, for the reasons set forth above,

---

[3] Respondent filed a "Notice of Intention Not to File a Response to Petitioner's Request for Reconsideration," on September 28, 2005. In said notice, respondent indicated his intention to rely on the magistrate judge's order.

3

as to these issues only, petitioner's request for reconsideration is GRANTED.

DATED: November 9, 2005

                                      /s/Frank C. Damrell, Jr.
                                      FRANK C. DAMRELL, Jr.
                                      UNITED STATES DISTRICT JUDGE