UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

GERALD F. STANLEY,

         Petitioner,

  v.

JEANNIE WOODFORD,

         Respondent.

NO. CIV. S-95-1500 FCD GGH P

DEATH PENALTY CASE

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on petitioner Gerald Stanley's request for reconsideration of the magistrate judge's orders, filed October 20, 26, and 27, 2005 (Docket #s 567, 569, & 570).[1] While these orders addressed a variety of issues, petitioner brings the instant motion only with respect to two issues: (1) whether the magistrate judge properly denied petitioner an evidentiary hearing on Claim 27 with respect to the

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

1 issue of ineffective assistance of counsel and (2) whether the
2 magistrate judge properly denied petitioner's request for
3 discovery from respondent as to all of petitioner's writings in
4 its possession.[2]

5     In considering non-dispositive pre-trial matters, the
6 magistrate judge's order is governed by the "clearly erroneous or
7 contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A).
8 As such, the magistrate judge's order cannot be set aside or
9 modified unless the findings of fact are clearly erroneous or the
10 conclusions are contrary to law.  Fed. R. Civ. P. 72(a); <u>Grimes</u>
11 <u>v. San Francisco</u>, 951 F.2d 236, 239-40 (9th Cir. 1991).  The
12 order should be modified or set aside only if the reviewing court
13 is left "'with the definite and firm conviction,' that the
14 [magistrate judge's] key findings are mistaken."  <u>Easley v.</u>
15 <u>Cromartie</u>, 532 U.S. 234, 243 (2001) (citation omitted).

16     Here, with regard to Claim 27, petitioner seeks
17 reconsideration of the magistrate judge's determination that he
18 is not entitled to an evidentiary hearing as to a claim of
19 ineffective assistance of counsel related this claim.[3]  (Order,

---

21     [2] To the extent petitioner raises alleged errors stemming from the magistrate judge's order of September 2, 2005, his
22 motion is untimely, and the court does not consider those arguments.  The court previously considered petitioner's
23 objections/motion to reconsider as to the September 2 order in its order of November 9, 2005 (Docket # 574), and it will not
24 entertain a further motion concerning that order.

25     [3] The magistrate judge previously ruled that petitioner was not entitled to an evidentiary hearing regarding Claim 27
26 which alleged the wrongful suppression of the Colusa County District Attorney's decision not to seek an indictment against
27 petitioner for the murder of Cheryl Wright (the so-called "Colusa County Murder" proved as an aggravating circumstance at
28                                             (continued...)

filed Oct. 20, 2005.)  The magistrate judge reached this conclusion because petitioner's motion for an evidentiary hearing did not request such a hearing on this issue.  (Order, filed Oct. 20, 2005 at 2.)  Rather, as set forth in petitioner's motion, filed April 8, 2005, petitioner sought a hearing on Claim 27 as follows: "Mr. Stanley Is Entitle [sic] To An Evidentiary Hearing on His Claim of Prosecutorial Suppression of Material Information [re: the Colusa County Murder]."  (Mem. of P.&A re: Req. for Evid. Hearing, filed April 8, 2005, at 63.)  Nowhere in this section of his brief did petitioner argue for an evidentiary hearing based on a claim of ineffective assistance of counsel related to this issue; instead, the entirety of his argument alleged the suppression of exculpatory evidence and/or the presentation of false testimony by the State.  (Id. at 63-68.)[4]  The magistrate judge thus properly denied petitioner an evidentiary hearing as the issue of ineffective assistance of counsel related to this claim was never raised by petitioner in his motion.

---

[3](...continued)
petitioner's penalty trial). (Order, filed Sept. 2, 2005.)  The court denied petitioner's motion for reconsideration of this decision on November 9, 2005.  (Mem. & Order, filed Nov. 9, 2005, at 3.)  In his order of October 20, the magistrate judge responded to the parties' informal request for clarification regarding this claim and whether an evidentiary hearing was permitted on the claim in any respect.

[4]     The court acknowledges that petitioner mentioned Claim 27, in his reply, in conjunction with his other claims asserting ineffective assistance of counsel (Docket #511 at 3:10-11); however, the magistrate judge properly disregarded this argument as to Claim 27 since it was raised for the first time in the reply.

3

1    Petitioner nonetheless now attempts to argue that because he
2 made a claim of ineffective assistance of counsel in a *footnote*
3 to Claim 27 in his Amended Petition,[5] the magistrate judge should
4 have considered his motion for an evidentiary hearing as
5 including this issue on this claim.  Petitioner is correct that
6 the magistrate judge failed to acknowledge this footnote when he
7 found "[t]he Amended Petition in this action limits Claim 27 to
8 alleged suppression of evidence, and likewise does not base a
9 claim involving the Wright murder on ineffective assistance of
10 counsel."  (Order, filed Oct. 20, 2005, at 2:18-20.)  Petitioner,
11 however, is incorrect that the magistrate judge should have
12 *assumed* petitioner was seeking an evidentiary hearing, in his
13 motion, based on this fleeting reference in the Amended Petition,
14 particularly when the footnote is not mentioned, let alone
15 discussed, in the 69-page motion for an evidentiary hearing.

16    Moreover, the court questions whether petitioner has
17 brought a bona fide claim on this issue.  As respondent points
18 out in its opposition, courts have routinely found that brief,
19 unsupported references to an issue that is absent from an
20 argumentative heading, especially when presented only in a
21 footnote, are not sufficient to present a claim.  See People v.
22 Turner, 8 Cal. 4th 137, 214 n. 19 (1994); People v. Harper, 82
23 Cal. App. 4th 1413, 1419 n. 4 (2000); In re Keisha T., 38 Cal.
24 App. 4th 220, 237 n. 7 (1995).  While the court does not decide

---

[5] Footnote 81 to Claim 27 states: "If trial counsel was aware of the exculpatory evidence discussed in this claim and did not pursue it, and/or if counsel unreasonably failed to discover the evidence, then Petitioner's right to the effective assistance of counsel was violated."  (Am. Petition at 185.)

4

1 this issue herein, these cases are worthy of notation and
2 certainly support a finding that the magistrate judge's decision
3 was appropriate.
4     For all of the above reasons, the court cannot find that the
5 magistrate judge's decision, denying petitioner an evidentiary
6 hearing as to a claim of ineffective assistance of counsel on
7 Claim 27, was clearly erroneous or contrary to law.  Petitioner's
8 motion for reconsideration on this issue is DENIED.
9     As to the denial of discovery, in the magistrate judge's
10 order of October 26, 2005, addressing various discovery disputes
11 between the parties, he denied petitioner's request that
12 respondent produce all documents concerning petitioner's
13 writings.  He found that "[s]uch discovery at this point is what
14 the undersigned used to term–'have your opponent chase his tail
15 before trial' discovery, i.e., divert concentration from the
16 important tasks at hand.  If counsel need to investigate their
17 client's writings, petitioner and the court files are the best
18 source for this."  (Order, filed Oct. 26, 2005, at 9:4-7.)
19 Despite the reference to this order, petitioner's instant motion
20 does not relate directly to this finding.  Instead, he requests
21 herein "discovery and an evidentiary hearing to rebut the
22 [magistrate judge's prior] finding of withdrawal [of Claim 25 re:
23 shackling], and/or to prove the substance of Claim 25."  (Mot.
24 Reconsid., filed Nov. 10, 2005, at 8:7-8.)
25     Petitioner's Claim 25 alleges unconstitutional shackling.
26 In the magistrate judge's order of September 2, 2005, he denied
27 petitioner an evidentiary hearing on the claim, finding based on
28 a letter petitioner wrote to the court, that petitioner had

5

1 withdrawn the claim.  Petitioner moved for reconsideration of
2 this finding.  In its order of November 9, 2005, this court
3 granted petitioner's motion to the extent it referred to the
4 magistrate judge for findings and recommendations regarding the
5 issue of petitioner's withdrawal of his shackling claim.  (Mem. &
6 Order, filed Nov. 9, 2005.)  That matter is currently pending
7 before the magistrate judge.  As such, if petitioner seeks
8 discovery pertaining to his alleged withdrawal of his claim
9 and/or an evidentiary hearing on *that* issue (rather than the
10 substance of Claim 25), that request should be made to the
11 magistrate judge, who is considering the withdrawal issue in the
12 first instance.  Thus, in that regard, petitioner's instant
13 motion is denied.  However, to the extent petitioner seeks
14 discovery and/or an evidentiary hearing regarding the substance
15 of Claim 25, he may renew that request in objecting to the
16 findings and recommendations.  Such a request only will be
17 pertinent should this court find, contrary to the magistrate
18 judge's prior finding, that petitioner did not voluntarily
19 withdraw his shackling claim.
20     In sum, for the foregoing reasons, petitioner's motion for
21 reconsideration of the magistrate judge's October 20, 26, and 27,
22 2005 orders is DENIED in its entirety.
23 DATED: December 7, 2005

/s/ Frank C. Damrell Jr.
FRANK C. DAMRELL, Jr.
UNITED STATES DISTRICT JUDGE