1
2
3
4
5
6
7
8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GERALD F. STANLEY,

11            Petitioner,               No. CIV S-95-1500 FCD GGH P

12        vs.

13   STEVEN ORNOSKI, Acting            **DEATH PENALTY CASE**
     Warden of the California State Prison
14   at San Quentin,                   MEMORANDUM RE: DAG BROSTERHOUS
                                        AS A WITNESS
15            Respondent.

16   _____/

17   _Introduction_

18            On December 19, 2005, the undersigned issued orders regarding certain aspects of

19   the then scheduled evidentiary hearing.  Generally, matters of significant dispute discussed at

20   such hearing would be the subject of a fully explained order or memorandum issued

21   expeditiously after hearing.  However, due to the following circumstances, the undersigned could

22   not do so in this case: a death in the family of the undersigned occurred; the undersigned believed

23   that the order/findings regarding no competency hearing in this case were of a higher priority;

24   and the fact that the undersigned has issued hundreds, if not thousands of pages of orders in this

25   case and the press of other cases would not permit the immediate issuance of an order on hearing

26   logistics.  The undersigned explains the above as it is generally unseemly for the undersigned

                                        1

magistrate judge to issue a memorandum on a decision after objections (sic) (request for reconsideration), have been filed, on account of not having the magistrate judge appear to be advocating a position as opposed to simply explaining a ruling.   However, because the issue in this civil habeas case is a significant one for the hearing, and because the undersigned has not had the opportunity to set forth the reasoning of decision except in a very cryptic fashion at hearing, this memorandum of decision is issued.

*Discussion*

An issue in dispute at the ordered evidentiary hearing is whether jurors engaged in misconduct during petitioner's competency and penalty phase trial, including improper voir dire responses, conducting an experiment, learning of facts from outside sources, juror discussion of the case outside of courtroom  jury deliberations.   In several respects, petitioner relies on juror declarations which asserted "x" when procured by petitioner's investigator/counsel; respondent relies on counter-declarations from some of these same jurors who essentially retracted their previous statements and said "y" to respondent's attorney Brosterhous.   The precise content of the retractions is unnecessary to set forth here.   Both sides alleged undue or improper influence on the jurors with respect to their declarations, but at issue here are the alleged improprieties of attorney Brosterhous and persons working with him.   Specifically at issue during the "pretrial conference" (pre-evidentiary hearing) was whether attorney Brosterhous could be called as a witness to explain his contacts with the jurors, and the related issue of whether attorney Brosterhous would therefore be precluded from examining the witnesses he allegedly improperly manipulated.

The undersigned touched upon permissible evidence in this habeas action related to allegations of juror misconduct when he previously refused petitioner's discovery with respect to attorney Brosterhous' actions in *other* cases involving juror investigations, and his juror investigation techniques in general, finding that such discovery was "not worth the candle."   Petitioner made no motion for deposition of attorney Brosterhous for alleged misconduct in *this*

case, and therefore, of course, none was adjudicated.  The denial of habeas discovery on facts

very collateral to the present allegations had (and has) not much, if anything, to do with the issue

of whether attorney Brosterhous may be legitimately called as a witness for his alleged actions in

this case.  The denial of habeas discovery on collateral matters did not *ipso facto* determine that

attorney Brosterhous did not improperly influence jurors in *this* case.

Because a habeas corpus actions is, at bottom, a civil action, Bean v. Calderon,

166 F.R.D. 452, 453-454 (E.D. Cal. 1996), the nearly complete prohibition of calling a

prosecutor as a witness in a criminal action is not the standard utilized by the undersigned.  There

are no "prosecutors" in habeas corpus actions.  Rather the standards set forth in Doubleday v.

Ruh, 149 F.R.D. 601 (E.D. Cal. 1993) (depositions in a civil action of former prosecutors in a

criminal action) contain the standards to be employed here.  While the calling of an involved

lawyer as a witness in a civil action should never be ordered lightly, such testimony may be

obtained when "(1) [n]o other means exist to obtain the information than to depose opposing

counsel [citation]; (2) the information sought is relevant and nonprivileged; and (3) the

information is crucial to the preparation of the case."  Shelton v. American Motors Corp., 805

F.2d at 1327."  Doubleday at 613.  Moreover, "Additional reasons to limit discovery of opposing

counsel include its potential for harassment and disqualification of counsel.  N.F.A. Corp. v.

Riverview Fabrics, Inc., supra, 117 F.R.D. at 85."  Doubleday at 614.

Implicitly utilizing such standards, the undersigned determined that petitioner had

a right to call attorney Brosterhous as a witness.  Taking the last factor first, attorney Brosterhous

had information possibly quite material to the testimony of the jurors in this case—one way or

the other.   The undisputed record in this case, and hence the evidence upon which the

undersigned issued his order, demonstrates the recanting by several jurors of previously sworn

testimony.  Such blanket recantations on material matters by fact witnesses are fairly unusual,

and the reasons for such recanting are critical to understanding the accurate version of the

testimony.  While the undersigned had (and has) no predisposition whatsoever as to who

1   influenced whom, if at all, petitioner's allegations of attorney Brosterhous' improper influence on

2   jurors were not out of the realm of reasonable possibility given the change in testimony from "x"

3   to "y," and petitioner would be allowed to present evidence, if possible, which would tend to

4   prove those allegations.

5          Secondly, attorney Brosterhous' contacts with the jurors were not privileged

6   information, and any work product immunity had long since been waived.[1]

7          Thirdly, while other persons may have been present at the time attorney

8   Brosterhous interrogated the jurors, there is no doubt from the record that Brosterhous was in

9   charge of the investigation/interrogation, and petitioner levels the charge of juror intimidation

10  and misrepresentation directly at Brosterhous.  Testimony of other persons would be a poor

11  substitute for that of Brosterhous.

12         Moreover, it was problematical to term attorney Brosterhous as counsel of record

13  in this case.  The first appearance in the docket for this attorney in this 1995 case was June 17,

14  *2005*, long after the allegations against this attorney first surfaced.  This has not been "his" case,

15  and respondent has been represented by other counsel throughout these proceedings.  Any good

16  respondent's counsel could take the extant record of the juror interviews, along with other facts

17  informally given to them by attorney Brosterhous, and would be able to fully present

18  respondent's case.  Respondent would not be prejudiced in the slightest if attorney Brosterhous

19  were called a witness and therefore subject to disqualification from examining the witnesses he

20  allegedly improperly influenced.

21         The undersigned in no way prejudged the issues when it disqualified attorney

22  Brosterhaus on account of his participation as a witness—it was, as argued by petitioner's

23  attorney Olive, simply unseemly to have the jurors confronted by an attorney, in court sanctioned

24  _____

25         [1]This is not to say that attorney Brosterhous may not have had privileged conversations
    with persons in his office.  However, such presumably privileged conversations are not at issue
26  here.

1  questioning, when that attorney has been accused of manipulating or intimidating the jurors.  On

2  the other hand, if the court had permitted attorney Brosterhous to remain as counsel in order to

3  examine the jurors, the opposite conclusion could be reached—that the court had already decided

4  adversely to petitioner that attorney Brosterhous' conduct had no meaningful impact on their

5  recantations.

6          For the above reasons, the undersigned permitted attorney Brosterhous to be

7  called as a witness and refused to permit him to take part in examining the witnesses he allegedly

8  intimidated.

9  DATED: 1/5/06

10                                                      /s/ Gregory G. Hollows
                                        _____
11                                          GREGORY G. HOLLOWS
                                            U.S. MAGISTRATE JUDGE

12  stan1500.memo

13

14

15

16

17

18

19

20

21

22

23

24

25

26