UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

GERALD F. STANLEY,

        Petitioner,

  v.

JEANNIE WOODFORD,

        Respondent.

NO. CIV. S-95-1500 FCD GGH P

<u>DEATH PENALTY CASE</u>

<u>MEMORANDUM AND ORDER</u>

----oo0oo----

This matter is before the court on petitioner Gerald F. Stanley's ("petitioner") objections to the findings and recommendations of the magistrate judge, filed December 21, 2005 ("F&R"), denying petitioner's request for a competency hearing.[1]

---

[1] The court notes that on February 17, 2006, petitioner, *personally*, filed with the undersigned a request to withdraw his motion for a competency hearing. Therein, petitioner accuses his counsel of forcing him to "claim incompetence." The undersigned is aware that the magistrate judge has repeatedly cautioned petitioner that his personal filings to the court would not be considered as he is represented by counsel. As such, the undersigned does not moot the motion based on petitioner's
(continued...)

In the F&R, the magistrate judge denied petitioner's request finding it another "manipulation" of these habeas proceedings and "counter-productive" to resolution of this *ten* year old case on the merits.  (F&R at 2:14.)

The F&R was served on the parties and contained notice that any objections thereto were to be filed by January 3, 2006.  Per an extension of time, petitioner filed his objections on January 20, 2006.  On January 26, 2006, respondent filed a "notice of intent to rely on the magistrate judge's [F&R] in place of filing [a] opposition."

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Eastern District Local Rule 72-304, this court has conducted a *de novo* review of this matter.  Having carefully reviewed the entire file, the court finds the F&R to be supported by the record and by proper analysis.

In particular, with respect to petitioner's argument that the magistrate judge employed an incorrect legal standard in determining whether to grant petitioner a competency hearing, the court emphasizes the following:

Rohan ex rel Gates v. Woodford, 334 F.3d 803, 819 n. 11 (9th Cir. 2003) does not answer the question presently before the court, namely, "what showing a petitioner must make to warrant a competency determination."  Indeed, to date, the Ninth Circuit has not answered this question.  In denying petitioner a hearing, the magistrate judge acknowledged that fact and decided the

---

[1](...continued)
filing.

2

question in the first instance, using Rohan for guidance.[2] Ultimately, the magistrate judge found that:

> [N]othing less than a prima facie case of incompetency must be set forth before the habeas court should order a competency hearing.

(F&R at 7:8-9.)  The standard for competency, the magistrate judge held, was "an ability to comprehend the nature of the proceedings and an ability to rationally consult with counsel."[3] (F&R 8:2-3.).

As support for his findings, the magistrate judge properly considered the peculiar context of habeas proceedings.  As opposed to a competency determination at trial, where the trial judge and counsel can observe the defendant's behavior nearly daily, the habeas judge rarely, if ever, sees the petitioner and is only able to glean facts about competence from secondary sources.  Additionally, the magistrate judge correctly focused on a capital prisoner's "incentive to malinger and manipulate" in habeas proceedings, as delay will serve well a petitioner already sentenced to death "almost as [much] as a victory."  (F&R at 6:20, 7:1.)  Based on these primary considerations, this court agrees with the magistrate judge that to "permit such a de minis standard [as urged by petitioner of "bona fide doubt as to competency" would] invite wholesale manipulation of already

---

[2] Petitioner agrees that Rohan provides the "most authoritative reasoning to govern this Court's decision." (Objs., filed Jan. 20, 2006, at 2:7-8.)  In Rohan, the Ninth Circuit held that the statutory right to counsel in federal post-conviction relief proceedings in capital cases implies a statutory right to competence in those proceedings.  Id. at 817.

[3] Petitioner does not dispute that this is the applicable standard.  (F&R at 7:24-25.)

3

complex and lengthy habeas proceedings." (F&R at 7:2-3.) As such, the standard should require more than a "mere doubt" as to competency.

Assessing petitioner's showing here under the above standard, the magistrate judge only considered petitioner's ability to rationally communicate with counsel, as he found that petitioner had presented "no facts that [he] is unable to understand the nature of these proceedings." (F&R at 5:9-10.) The magistrate judge found that "the record of this case indicates that [petitioner] understands it only all to well." (F&R at 5:10-11.) A contrary conclusion cannot be reasonably reached. Petitioner's most recent filing of February 17, 2006, discussed above, aptly demonstrates this point. Indeed, petitioner continues to understand how to undertake filings with the court and thereby request *specific* relief with regard to the current proceedings before the court. (Docket # 651.) Accordingly, the undersigned likewise has considered petitioner's showing only with respect to his alleged inability to rationally communicate with counsel.

On this issue, the court again concurs with the magistrate judge's assessment of petitioner. In many respects, petitioner's motivations are most clearly revealed, despite his counsel's protestations, from his own writings to the court. Those writings reveal, as described in detail by the magistrate judge (e.g., F&R at 8:23-9:12), that petitioner "has not lost the ability to communicate for a desired purpose." (F&R at 8:23-24.) In this case, the desired purpose clearly appears to be a

4

transfer back to San Quentin from Corcoran.[4]

The Ninth Circuit emphasized in Rohan: "the mere fact that [a petitioner] does not communicate rationally does not mean he is *incapable* of doing so." Rohan, 334 F.3d at 819. Such is the case here. Petitioner appears capable of communicating with his counsel when and for whatever purposes *he* deems warranted. That he refuses to communicate with counsel on some occasions does not render him *incapable* of doing so. In sum, considering the lengthy history of this case and petitioner's own actions in it, including numerous calculating attempts to withdraw his petition, then reinstate it, to work with his counsel, then refuse to do so, to seek to terminate his court-appointed counsel's services and rehire his own counsel, etc., the court cannot find that petitioner is *unable* to communicate rationally with his counsel. More likely, as found by the magistrate judge, he is simply presently *refusing* to do so. (F&R at 11:16-23 [concluding, "Thus, in the final analysis, the court views petitioner's latest tirade as one in which he again attempts to manipulate the system in order to obtain some short term goal, and/or to rail against the system which keeps him in prison."]). This case should not be delayed any further by petitioner's "probable manipulative actions (F&R at 12:8);" it should be decided on the merits.

///

///

---

[4] On October 11, 2005, petitioner wrote: "Well, doctors at Corcoran said three days after my arrival I should not be here. Will you answer this? Can we delay evidentiary hearing and start competency proceedings. I do not feel after what S.Q. [San Quentin] did moving me, taking everything I own I am in my right frame of mind." (F&R at 8:25-9:2.)

5

Accordingly, IT IS HEREBY ORDERED that:

The F&R, filed December 21, 2005, is adopted in full. No competency hearing shall be held at this time.

DATED: March 1, 2006

                                        /s/ Frank C. Damrell Jr.
FRANK C. DAMRELL, Jr.
UNITED STATES DISTRICT JUDGE