UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

GERALD F. STANLEY,

        Petitioner,

   v.

STEVEN ORNOSKI, Acting
Warden of the California
State Prison at San Quentin,

        Respondent.

NO. CIV. S-95-1500 FCD GGH P

DEATH PENALTY CASE

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on respondent's motion for reconsideration of the magistrate judge's order of January 5, 2006.[1] (Docket #s 617, 623, 636.) Specifically, said order

---

[1] Respondent initially filed on January 3, 2006, "Objections to Magistrate Judge's Orders," seeking reconsideration of the orders at issue herein, which the magistrate judge orally announced at a December 19, 2005 hearing. (Docket #617.) On January 5, 2006, however, the magistrate judge issued a written order detailing the bases for his previously announced oral rulings. (Docket #623.) Thereafter, respondent
(continued...)

(1) permitted petitioner to call one of respondent's counsel in this case, Deputy Attorney General Raymond L. Brosterhous II ("DAG Brosterhous"), as a witness at the April 17, 2006 hearing on petitioner's prosecutorial misconduct motion and habeas claim of juror misconduct and (2) barred DAG Brosterhous from conducting the examination of the juror-witnesses to be called on petitioner's habeas claim of juror misconduct.

Respondent now moves for reconsideration of those orders, arguing that (1) the decision to permit DAG Brosterhous to be called as a witness was "clearly erroneous" in that it violates the general rule against calling opposing counsel unless all other sources for the testimony have been exhausted, and unless there is a compelling need and (2) the decision disqualifying DAG Brosterhous from participation at the evidentiary hearing was clear error because it was based on bare allegations of prosecutorial misconduct.

Petitioner opposes the motion and brings a related motion for reconsideration of the magistrate judge's oral ruling, on December 19, 2005, denying petitioner's request for a protective order concerning respondent's pre-evidentiary hearing contacts with the juror-witnesses. Specifically, petitioner seeks an order from this court "prohibiting pre-hearing contacts by Respondent with the juror-witnesses involved in this proceeding, or any of the other witnesses listed on Petitioner's witness list

---

[1](...continued)
filed, on January 20, 2006, a "Supplemental Request for Reconsideration by the District Court of the Magistrate Judge's Order," to address specifically the magistrate judge's written order.  (Docket #636.)

2

(Doc. 589), or in the alternative that any such contacts be limited to noticed depositions and that [DAG Brosterhous] be precluded from participating in such depositions." (Pet.'s Req. Reconsid., filed Jan. 20, 2006, at 1:27-2:3.)  Petitioner argues such an order is warranted based on the magistrate judge's order permitting DAG Brosterhous to be called as a witness and disqualifying him from participation at the evidentiary hearing on petitioner's juror misconduct habeas claim.

For the reasons set forth below, the court GRANTS respondent's motion as to both issues.  The court accordingly DENIES petitioner's request for reconsideration regarding the magistrate judge's denial of his request for a protective order.

**BACKGROUND**[2]

On September 26, 1995, this matter was stayed pending petitioner's exhaustion of State remedies.  On August 2, 1999, petitioner filed a petition for habeas corpus in the California Supreme Court; "Ground II" of the petition contained, *inter alia*, several allegations of jury misconduct.  In particular, eight former jurors from either the State competency trial or the State guilt/penalty trial were named as witnesses or otherwise implicated in different types of juror misconduct.  The petition was accompanied by seven juror declarations which had been prepared by petitioner in 1997, alleging, among other things, that certain jurors disobeyed the trial court's admonitions to not discuss the case or read newspaper accounts about it, slept

---

[2] The following statement of facts is drawn primarily from respondent's "Objections to Magistrate Judge's Orders," filed January 3, 2006, which essential facts petitioner did not oppose.

3

during the proceedings, performed home experiments relating to trial testimony, or believed they were being kept under police surveillance.

On January 25, 2000, the California Supreme Court directed respondent to file an informal response to the allegations of the petition. With respect to the claims of juror misconduct, DAG Brosterhous was assigned by the Attorney General's Office to interview the jurors and respond to those allegations. Special Agent Emory J. Hagan II ("Hagan") of the California Department of Justice, who had already been assigned to the matter as an investigator, located those jurors still available and set up interview appointments with them. After receiving the requisite court approval, in March and April of 2000, DAG Brosterhous, Hagan, and on one occasion Deputy Attorney General Erik Brunkal (who no longer is employed at the Attorney General's Office), conducted the interviews. Hagan was present for all juror interviews and tape recorded all those where respondent felt the former jurors could shed light on petitioner's allegations of jury misconduct. A written report was prepared with respect to every contact of a former juror, whether the contact was tape recorded or not.

On August 7, 2000, respondents filed the requested "informal response," which included new declarations obtained by DAG Brosterhous and Hagan. Petitioner filed a reply to the informal response on February 5, 2001. On July 17, 2002, the California Supreme Court denied the petition in its entirety.

On August 8, 2002, this court lifted the previously imposed stay and ordered a briefing schedule. On December 22, 2004, the

court issued a scheduling order, setting any evidentiary hearing conducted in this matter to commence on January 3, 2006.

On April 8, 2005, as part of his motion for an evidentiary hearing filed with the magistrate judge, petitioner asserted with respect to his juror misconduct claim that tape recordings of DAG Brosterhous' interviews of the jurors, provided by respondent in discovery, revealed "a series of manipulations all the more astonishing in the employ of a party so intent on claiming foul." (Docket #502.)  Thereafter, in September 2005, petitioner sought discovery of "any and all documents Brosterhous created or contributed to that have been used in the development of policies and training or continuing legal education related to allegations of juror misconduct" as well as "copies of any juror interviews Brosterhous had conducted . . . including cases other than Mr. Stanley's."  (Docket #528.)  Respondent opposed production of the discovery as "patently overbroad."  (Docket #543.)  On October 6, 2005, the magistrate judge orally ruled on the issue, finding petitioner's requests for information "way too collateral" and "not necessary" for the hearing.  (Docket #556.)  On October 26, 2005, the magistrate judge again denied in a written order petitioner's request for discovery of DAG Brosterhous' juror interviews in other cases, finding it "not worth a candle." (Docket #570.)

Thereafter, on December 1, 2005, only a month before the scheduled evidentiary hearing, petitioner moved for a stay and continuance of the hearing, arguing, among other things, that:

> As Petitioner's legal team re-interviewed or attempted to re-interview, the juror witnesses, they learned the extent to which the Attorney General's conduct influenced

5

>      the witnesses.  Based on their review of the available
>      facts and applicable law, Petitioner's counsel have a
>      good faith basis for asserting that the Attorney General's
>      office improperly attempted to influence the juror/
>      witnesses and dissuade them from testifying, and attempted
>      to persuade juror/witnesses not to cooperate with
>      Petitioner's counsel in violation of Petitioner's due
>      process rights and the rules of professional conduct.
>      Petitioner intends to renew his request for discovery on
>      these issues, and seek further review, and a hearing.

(Docket #584.)  The following day, December 2, 2005, petitioner filed an evidentiary hearing witness list, listing DAG Brosterhous as an expected witness.  (Docket #589.)

On December 6, 2005, petitioner filed his "Motion for Relief Based on Prosecutorial Misconduct," setting the hearing for January 5, 2006.  In that motion, petitioner alleged DAG Brosterhous "corrupted the testimony" of the juror-witnesses and "dissuaded them from speaking with Petitioner's counsel and from testifying before this Court in a truthful manner."  (Docket #591.)  On December 9, 2005, respondent filed an "Opposition to Petitioner's Plan to Call Opposing Counsel as a Witness," arguing that there were other sources of possible testimony, including from agent Hagan and the tape recordings.  DAG Brosterhous filed a declaration denying that he had engaged in any threats, suggestions to fabricate testimony or other improper conduct.  (Docket #598.)  On December 12, 2005, respondent filed a formal opposition to petitioner's prosecutorial misconduct motion.  Therein, respondent again emphatically denied any wrongdoing by DAG Brosterhous.

On December 19, 2005, the magistrate judge held a pre-evidentiary hearing conference.  Initially, petitioner moved for a continuance of the evidentiary hearing, scheduled for January

6

3, 2006, which the magistrate judge granted, continuing the hearing to April 17, 2006.  The magistrate judge also continued petitioner's prosecutorial misconduct motion to April 17, finding that it raised overlapping issues with petitioner's juror misconduct habeas claim.  Next, petitioner moved for a "protective order," in light of his prosecutorial misconduct motion, to prevent respondent from contacting the juror-witnesses in advance of the evidentiary hearing.  The magistrate judge denied the request, indicating that to grant the motion would be "making a determination without hearing from the jurors themselves," and that to do so would be the equivalent of having "made a finding of sorts" despite the absence of any evidence. (Docket #611 at 23-24.)  Thereafter, the magistrate judge considered whether petitioner could call DAG Brosterhous as a witness at the April 17 hearing.  The magistrate judge ultimately concluded DAG Brosterhous could be called as a witness and as such, he must be disqualified from participation in the examination of the juror-witnesses he allegedly unduly influenced.

On January 5, 2006, the magistrate judge issued a written order explaining the basis for these rulings.  First, he concluded that the information sought from DAG Brosterhous is "crucial to the preparation of the case" because the reasons for the juror-witnesses' recantation of prior statements is "critical to understanding the accurate version of the testimony."  (Mem. re: DAG Brosterhous as a Witness ["Witness Mem."], filed Jan. 5, 2006, at 3:15, 25-26.)  Second, DAG Brosterhous' contacts with the jurors were not privileged information and any work product

7

immunity has been waived.  (Id. at 4:5-6.)  Third, while "other persons may have been present at the time attorney Brosterhous interrogated the jurors, there is no doubt from the record that Brosterhous was in charge of the investigation/interrogation, and petitioner levels the charge of juror intimidation and misrepresentation directly at Brosterhous."  (Id. at 4:7-10.)  The magistrate judge thus concluded that "[t]estimony of other persons would be a poor substitute for that of Brosterhous."  (Id. at 4:10-11.)  Because Brosterhous would be called as a witness, the magistrate judge agreed with petitioner, that his disqualification from participation at the evidentiary hearing was necessary because it would be "simply unseemly to have the jurors confronted by an attorney, in court sanctioned questioning, when that attorney has been accused of manipulating or intimidating the jurors."  (Id. at 4:26-5:1.)  Lastly, the magistrate judge ruled that respondent would not be prejudiced by Brosterhous' disqualification because he was not "counsel of record" in this case until June 17, 2005 (the date Brosterhous was added to the court electronic notification list) and the other named Attorney General counsel could adequately cover the hearing.  (Id. at 4:12-20.)

**STANDARD**

As a non-dispositive pre-trial matter, the magistrate judge's instant order is governed by the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A). As such, his order cannot be set aside or modified unless the findings of fact are clearly erroneous or the conclusions are contrary to law.  Fed. R. Civ. P. 72(a); Grimes v. San Francisco,

8

951 F.2d 236, 239-40 (9th Cir. 1991). The order should be modified or set aside only if the reviewing court is left "'with the definite and firm conviction,' that the [magistrate judge's] key findings are mistaken." Easley v. Cromartie, 532 U.S. 234, 243 (2001) (citation omitted).

## ANALYSIS

Respondent argues that in ruling that DAG Brosterhous could be called as witness, the magistrate judge incorrectly applied the relevant standard. Respondent agrees that the applicable standard is as set forth in the magistrate judge's order of January 5, 2006:

> While the calling of an involved lawyer as a witness in a civil action should never be ordered lightly, such testimony may be obtained when '(1) [n]o other means exist to obtain the information than to depose opposing counsel [citation]; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case.'

(Witness Mem. at 3:11-15, *citing* Shelton v. American Motors Corp, 805 F.2d 1323, 1327 (8th Cir. 1986).) Indeed, courts have emphasized that, particularly in the case of a prosecutor, he may not be called as a witness in a matter in which he is participating unless there is a *compelling* need to do so. See e.g., United States v. Dupuy, 760 F.2d 1492, 1498 (9th Cir. 1985); United States v. Tamura, 694 F.2d 591, 601 (9th Cir. 1982); United States v. Regan, 103 F.3d 1072, 1083 (2nd Cir. 1997). "Where witnesses other than the prosecutor can testify to the same matters or conversations, no compelling need exists." United States v. Wallach, 788 F. Supp. 739, 744 (S.D. N.Y. 1992). Accordingly, courts have found that opposing counsel should not

9

be called as a witness "unless all other sources of possible testimony have been exhausted." <u>United States v. West</u>, 680 F.2d 652, 654 (9th Cir. 1982).

Here, clearly there are likely alternatives of proof to resolve the issue of juror misconduct, as well as the collateral issue of prosecutorial misconduct in allegedly attempting to skew the juror-witnesses' testimony. As the magistrate judge observed in denying certain of petitioner's discovery requests, the jurors themselves "will provide the best evidence of [any] misconduct." (Docket #570 at 7.)

Petitioner can also offer the tape recordings and transcripts of the subject juror interviews.[3] These recordings and transcripts are the most reliable evidence of what happened. They contain not only the actual words used by DAG Brosterhous but provide a reliable evidentiary alternative to assess the context of the questions. The recordings may also provide important nuances such as the tone of voice used by both the questioner and the interviewee. Said evidence would be preferable to recollections of interviews conducted six years ago. As stated by respondent:

> If the tapes show that neither DAG Brosterhous's words nor his tone of voice constituted intimidation or misrepresentation, what could his testimony add to that showing? In the alternative, if the tapes show that DAG Brosterhous's words/tone of voice did constitute intimidation and misrepresentation, what possible value would his self-serving denials be?

(Supp. Req. Reconsid., filed Jan. 20, 2006, at 3:27-4:1.)

---

[3] Hagan can authenticate the recordings and transcripts.

10

Plaintiff can also call Hagan and former Deputy Attorney General Brunkal as witnesses to the interviews, as either one or both of them accompanied DAG Brosterhous to all of the relevant juror interviews.

In light of these unique circumstances described above, petitioner has not demonstrated a "compelling need" to call opposing counsel, assigned to this case,[4] as a witness. Accordingly, the court grants respondent's motion for reconsideration.

In so ruling, the court does not render a decision on the merits of petitioner's prosecutorial misconduct motion.[5] Despite the fact that both respondent and petitioner vigorously and extensively argued their respective positions on the merits of the motion to the undersigned, (see Objs. to Mag. Orders at 22-27; Supp. Req. Reconsid. at 6-11; Pet.'s Resp. at 16-26; Pet.'s

---

[4] The undersigned does not consider persuasive the fact that DAG Brosterhous only appeared as counsel of record on the court electronic notification list in June 2005. As the factual background above clearly reveals, DAG Brosterhous has had a long-standing role in this case since 2000. While his involvement has been limited to the issue of petitioner's claim of juror misconduct that does not mean he is not a critical member of respondent's counsel's team. Indeed, the issue of juror misconduct is set for evidentiary hearing; a hearing which DAG Brosterhous has been preparing for since 2000.

[5] The court likewise does not consider respondent's lengthy briefing, and petitioner's reply thereto, regarding *petitioner's* counsel's alleged misconduct in interviewing the subject jurors. (See Objs. to Mag. Orders, filed Jan. 3, 2006, at 15-22; Pet.'s Resp. to Req. Reconsid., filed Feb. 10, 2006, at 8-16; Pet.'s Supp. Resp. to Respond.'s Reply, filed Mar. 2, 2006.) Petitioner's counsel's conduct is not presently at issue before the undersigned or for that matter, the magistrate judge. Respondent has not filed a motion charging petitioner's counsel with any wrongdoing. Thus, to the extent the parties' submissions herein address that issue, the court has not considered those arguments in ruling on the motion.

11

Supp. Resp. to Respond.'s Reply at 1-10), the court finds that the motion should be decided by the magistrate judge. Presently, the hearing on said motion is set for the same day, April 17, 2006, as the evidentiary hearing on certain of petitioner's habeas claims, including the claim of juror misconduct. However, because the court grants respondent's motion for reconsideration, DAG Brosterhous is not disqualified, at this time, from participation at the habeas evidentiary hearing.

The magistrate judge also impliedly based his disqualification decision on petitioner's *allegations* of misconduct. However, disqualification would be improper until a judicial finding of prosecutorial misconduct which has yet to occur.

Accordingly, the issue of prosecutorial misconduct must be decided in advance of an evidentiary hearing on petitioner's habeas claims. In that regard, in addition to the briefing previously submitted by both parties on the motion, the magistrate judge should entertain a proffer by petitioner of the evidence of prosecutorial misconduct by DAG Brosterhous. The magistrate judge, in his discretion, may decide what is sufficient evidence for said proffer and allow rebuttal by respondent. After due consideration of the proffer, respondent's rebuttal, and other evidence the magistrate judge considers relevant and necessary, he shall exercise his sound discretion and make a finding he deems appropriate. Such a finding could include a denial or grant of petitioner's prosecutorial misconduct motion or other findings including the need for an

evidentiary hearing on the issue.[6]

Further, based on the above orders, the court DENIES petitioner's related motion for reconsideration of the magistrate judge's oral order denying petitioner a protective order. A protective order, of some kind,[7] would only appear warranted *if* the magistrate judge makes a finding of misconduct by DAG Brosterhous. At this time, the magistrate judge properly declined to grant petitioner's request for a protective order against respondent, absent a finding in petitioner's favor on his prosecutorial misconduct motion.

## CONCLUSION

For the foregoing reasons, the court GRANTS respondent's motion for reconsideration of the magistrate judge's order of January 5, 2006. (Docket #s 617, 636.)

The court DENIES petitioner's related motion for reconsideration of the magistrate judge's oral order of December 19, 2005, denying petitioner's request for a protective order concerning respondent's pre-evidentiary hearing contacts with the

---

[6] This court makes no findings herein regarding the nature of such a hearing; the magistrate judge shall decide what evidence is necessary and admissible for any such proceeding.

[7] Respondent is correct that it would not appear warranted under these circumstances to grant a protective order against respondent *generally*. To the extent a protective order may be merited, it would seem necessary only with respect to DAG Brosterhous. However, this court does not render any findings in that regard as the prosecutorial misconduct motion shall be heard by the magistrate judge; should the motion be granted, the magistrate judge can reconsider whether any protective order is necessary.

13

1  juror-witnesses.  (Docket #638.)

2  DATED: March 27, 2006

3                                    /s/ Frank C. Damrell Jr.
                                     FRANK C. DAMRELL, Jr.
4                                    UNITED STATES DISTRICT JUDGE