UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

GERALD F. STANLEY,

        Petitioner,

   v.

STEVEN ORNOSKI, Acting Warden
of the California State Prison
at San Quentin,

        Respondent.

NO. CIV. S-95-1500 FCD GGH P

DEATH PENALTY CASE

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on petitioner Gerald F. Stanley's ("petitioner") *ex parte* application[1] to amend this court's memorandum and order of March 1, 2006 to include certification for permissive interlocutory appeal the issue of petitioner's entitlement to a competency hearing.

---

[1] Pursuant to its order of March 16, 2006, the court permitted respondent five court days to respond to petitioner's application.

28 U.S.C. § 1292(b).[2]

In its March 1 order, the court adopted in full the magistrate judge's findings and recommendations, filed December 21, 2005, denying petitioner's request for a competency hearing.  The magistrate judge found petitioner's request another "manipulation" of these habeas proceedings and "counter-productive" to resolution of this *ten* year old case on the merits.  (F&R at 2:14.)  In so holding, the magistrate judge found that to be entitled to a competency hearing, petitioner was required to make a *prima facie* showing of incompetency (defined as "an ability to comprehend the nature of the proceedings and an ability to rationally consult with counsel" [F&R at 8:2-3]).  Ultimately, the magistrate judge concluded petitioner failed to make this showing as it (1) was undisputed that petitioner was able to comprehend the nature of the proceedings and (2) petitioner had "not lost the ability to communicate [with his counsel] for a desired purpose" (F&R at 8:23-24).  Rather, the magistrate judge found, here, petitioner appears capable of communicating with his counsel when and for whatever purposes *he* deems warranted.  For these reasons, this court concluded that it "cannot find that petitioner is unable to communicate rationally with his counsel.  More likely, . . ., he is simply presently refusing to do so."  (March 1 Order at 5:13-16.)

---

[2] Section 1292(b) provides, in pertinent part: "When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order."

These findings do not merit certifying for interlocutory appeal petitioner's request for a competency hearing. While the matter may raise a novel or controlling question of law, in that there is no Ninth Circuit authority establishing what showing a petitioner must make to warrant a competency determination, under the facts of this case, there can be no substantial ground for difference of opinion on the issue. In the context of *this* habeas proceeding involving *this* petitioner, something more than a "bona fide doubt" as to competency must be required to halt these proceedings yet again. The numerous derailments of this case caused by petitioner over the past ten years do not support any further delay of this matter. In that regard, certification of the issue would not materially advance this litigation, which is finally set for an evidentiary hearing on certain of petitioner's habeas claims on April 17, 2006. As this court found in its March 1 order:

> This case should not be delayed any further by petitioner's 'probable manipulative actions;' it should be decided on the merits.

Accordingly, the court DENIES petitioner's *ex parte* application for certification of interlocutory appeal (Docket #662).

IT IS SO ORDERED.

DATED: March 29, 2006

/s/ Frank C. Damrell Jr.
FRANK C. DAMRELL, Jr.
UNITED STATES DISTRICT JUDGE

3