UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

GERALD F. STANLEY,

        Petitioner,

   v.

EDDIE YLST, Acting Warden of the California State Prison at San Quentin,

        Respondent.

NO. CIV. S-95-1500 FCD GGH P

DEATH PENALTY CASE

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on petitioner Gerald Stanley's request for reconsideration (Docket #756) of the magistrate judge's order filed August 16, 2006 (Docket #751). In said order, the magistrate judge denied petitioner's motion to expand the record to include the declaration of petitioner's trial attorney William Neill ("Neill"),[1] who died in a house fire

---

[1] Regarding his ineffective assistance of counsel claim, petitioner subpoenaed Neill to testify at the evidentiary hearing (continued...)

a month after the last witnesses testified in the evidentiary hearing held in this case.[2]

After full consideration of the issue, following a noticed motion, briefing and a hearing on the same, the magistrate judge found that in the absence of in-court cross-examination during which Neill's credibility could be assessed, Neill's declaration was too unreliable to be accepted as evidence in the case. The magistrate judge based his decision on (1) Neill's long term alcoholism which made his memory suspect; (2) his disbarment after a conviction for preparing false documentary evidence which made his honesty suspect; and (3) his declaration conflicted in many respects with co-trial counsel Peterson's testimony, who had been subjected to in-court examination and cross-examination.

---

[1] (...continued) held in April 2006, but could not locate or reach Neill until April 27, 2006, the seventh day of the hearing. Neill informed petitioner's counsel that he was not in any condition to testify as he had been suffering from the effects of alcoholism and had been in a rehabilitation facility. The magistrate judge gave petitioner until May 8, 2006 to inform the court of his desired plan for how to proceed with Neill. Ultimately, the magistrate judge gave petitioner the opportunity to present Neill's direct testimony by declaration and to seek respondent's agreement to the declaration serving as Neill's complete testimony. Petitioner obtained the declaration but respondent would not agree to stipulate to the completeness of his testimony. Thereafter, on June 22, 2006, petitioner's counsel learned that on June 3, 2006, Neill died when his home caught fire. On July 6, 2006, petitioner filed his motion seeking to expand the record with Neill's declaration. Respondent opposed the motion, and the court heard oral argument on August 3, 2006.

[2] In other respects, the magistrate judge granted petitioner's motion to expand the record. Those portions of the August 16 order are not at issue herein.

(RT, Aug. 3, 2006.)[3]  Petitioner now moves for reconsideration of these findings arguing that under the circumstances, it would be an "abuse of discretion" to exclude Neill's declaration as the grounds for impeachment (*i.e.,* his alcoholism, disbarment, and conflicting testimony) are "well-established and undisputed." (Mtn. Recon., filed Aug. 30, 2006, at 2:17, 19.)[4]

As a non-dispositive pre-trial matter, the magistrate judge's instant order is governed by the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A). As such, his order cannot be set aside or modified unless the findings of fact are clearly erroneous or the conclusions are contrary to law.  Fed. R. Civ. P. 72(a); Grimes v. San Francisco, 951 F.2d 236, 239-40 (9th Cir. 1991).  The order should be modified or set aside only if the reviewing court is left "'with the definite and firm conviction,' that the [Magistrate Judge's] key findings are mistaken."  Easley v. Cromartie, 532 U.S. 234, 243 (2001) (citation omitted).

Petitioner argues under the Ninth Circuit's decisions in Williams v. Woodford, 384 F.3d 567, 590-91 (9th Cir. 2002) and Jennings v. Woodford, 290 F.3d 1006, 1016-18 (9th Cir. 2002), the magistrate judge has the discretion to admit a declaration into evidence even if the opposing party is thereby denied the right to cross-examination.  However, said authorities do not stand for

---

[3] The August 16, 2006 order memorialized the magistrate judge's ultimate findings; however, the bases for those findings were stated on the record at the August 3, 2006 hearing.

[4] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

3

1  the proposition that *after* finding a proffered declaration
2  *unreliable*, a court abuses its discretion in not admitting it
3  anyway.  Indeed, Williams and Jennings are distinguishable from
4  the instant case.

5  In Williams, in deciding the issue of whether the petitioner
6  was shackled in a manner that prejudiced him before the jury, the
7  district court did not hold a full evidentiary hearing and
8  instead permitted the parties to present evidence through written
9  declarations.  384 F.3d at 590.  One witness who refused to sign
10 a declaration, was allowed to orally testify.  Id.  On appeal,
11 the petitioner argued the district court, in resolving his claim
12 mostly on a written record, deprived him of a full evidentiary
13 hearing, of the opportunity to present facts, and of the
14 opportunity to cross-examine the state's witnesses.  Id.  The
15 Ninth Circuit held that in habeas corpus proceedings, the
16 district court "'need not conduct full evidentiary hearings,'"
17 but may instead "'expand the record . . . with discovery and
18 documentary evidence.'"  Id. (quoting, Watts v. United States,
19 841 F.2d 275, 277 (9th Cir. 1988) (per curiam)).  Ultimately, the
20 district court must only "give the prisoner's claim 'careful
21 consideration and plenary processing, including full opportunity
22 for presentation of the relevant facts.'"  Id.

23 Unlike this case, in Williams, there was no dispute over the
24 reliability of the submitted declarations; the only issue was
25 whether the petitioner was entitled to a full evidentiary
26 hearing.  Williams simply does not stand for the proposition that
27 a court errs in failing to admit a declaration deemed unreliable.
28

4

Similarly, in <u>Jennings</u>, a mental health expert who had examined the petitioner at the request of trial counsel, was asked during the post-conviction proceedings to evaluate the importance of information trial counsel had not presented to him. 290 F.3d at 1016. The expert explained in a post-conviction declaration how the newly investigated information would have changed his opinion regarding available defenses and mitigation. <u>Id.</u> at 1017. Petitioner's expert died before the evidentiary hearing, but his declaration was made part of the record. <u>Id.</u> Significantly, the state was allowed to present a rebuttal expert who had reviewed all the relevant records. <u>Id.</u> at 1017-18. Again, however, unlike this case, there was no argument in <u>Jennings</u> concerning the *reliability* of the deceased expert's testimony.

Additionally, also unlike <u>Jennings</u>, here, submission of "answering affidavits," by respondent is not a realistic option. Respondent cannot present counter-declarations on such matters as Neill's tactical decision-making; his decisions about, and memory of, the questioning of witnesses; or his assessment of petitioner's competency at various times in the proceedings. Indeed, Neill's declaration covers a multitude of issues about which only Neill is knowledgeable.[5]  As such, his credibility,

---

[5]  In that regard, co-counsel Peterson testified that in certain respects, only Neill was the appropriate source of information (*e.g.*, Neill handled all billing and financial work with the county, Neill interviewed family members and had the relationship with them, Neill primarily decided what evidence to present at the penalty phase). (R.T., April 28, 2006, 8, 11, 14, 50, 56.) Moreover, Neill's declaration conflicted with Peterson's testimony in some critical respects. For example,
(continued...)

5

1 demeanor and ability to recollect under cross-examination would
2 have been crucial in the assessment of the facts asserted in the
3 declaration.  Accordingly, the court cannot find the magistrate
4 judge's decision excluding Neill's declaration from the record as
5 "clearly erroneous or contrary to law."
6      Petitioner's motion for reconsideration of the magistrate
7 judge's August 16, 2006 order, denying petitioner's motion to
8 expand the record with Neill's declaration, is therefore DENIED.
9 DATED: September 28, 2006

                              /s/ Frank C. Damrell Jr.
                              FRANK C. DAMRELL, Jr.
                              UNITED STATES DISTRICT JUDGE

---

[5](...continued)
Neill declared that Peterson was primarily responsible for the penalty phase, yet Peterson testified that Neill was primarily responsible for that phase of the trial.  (Id. at 8, 13-14.)