1   MARK E. OLIVE, Fla. Bar #578533
    Law Offices of Mark E. Olive, P.A.
2   320 West Jefferson Street
    Tallahassee, Florida 32301
3   (telephone) 850-224-0004
    (facsimile) 850-224-3331
4
    DANIEL J. BRODERICK, #89424
5   Federal Defender
    JOSEPH SCHLESINGER, SB #87692
6   Assistant Federal Defender
    TIVON SCHARDL, Fla. Bar #73016
7   Assistant Federal Defender
    801 I Street, 3rd Floor
8   Sacramento, California 95814
    (telephone) 916-498-6666
9   (facsimile) 916-498-6656

10  Attorneys for Petitioner
    GERALD FRANK STANLEY
11

12                     IN THE UNITED STATES DISTRICT COURT
13
                   FOR THE EASTERN DISTRICT OF CALIFORNIA
14

15
    GERALD FRANK STANLEY,              )    No. CIV S-95-1500 FCD GGH
16                                     )
                        Petitioner,    )    **DEATH PENALTY CASE**
17                                     )
              v.                       )
18                                     )
    WARDEN of San Quentin State Prison,)
19                                     )    **JOINT REQUEST FOR AN EXTENSION OF**
                        Respondent.    )    **TIME TO SUBMIT CLOSING BRIEFS**
20                                     )
                                       )
21

22          COMES NOW, Petitioner JERRY STANLEY, and Respondent ROBERT J. AYERS, Jr.,

23  by and through their respective counsel, and respectfully request that this Court extend by 30 days the time

24  for filing the merits briefs.

25          On August 16, 2006, this Court entered a final scheduling order for closing briefs. Doc.

26  751. The briefs are due to be filed by October 31, 2006. The order provides that "Because the briefing is

27  optional, and ample time has been given for such briefing, no requests for extensions of time will be

28  granted." Doc. 751 at 2:15-16. Reluctantly, the parties must ask the Court to reconsider its order, and

    Joint Req. Extend Time Closing Briefs          1           Case No. CV-95-1500 FCD/GGH

1  grant a limited extension of time.

2  **A.  THE PARTIES' VIEWS REGARDING THE TIMING OF CLOSING ARGUMENTS**

3       Petitioner and Respondent agree that the closing briefs should be submitted after the

4  testimony of Donald Blake has been taken. Pursuant to the Court's order of September 28, 2006, Doc.

5  765, Petitioner's counsel contacted Mr. Blake in order to schedule his testimony. Mr. Blake indicated he

6  is available November 1 and 3, 2006, however, Petitioner's counsel had a conflict on those dates. Counsel

7  have asked Mr. Blake whether he is available on November 6, which is open for the parties, but Mr. Blake

8  has not yet responded.

9       The parties also agree that an extension of time is warranted by the pendency of the

10  objections to the findings and recommendations filed May 31, 2006. If either party's objections were

11  upheld the evidentiary posture of Claim 21 would have changed. Judge Damrell adopted the findings and

12  recommendations on October 13, 2006. But until then, the parties were unable to formulate their

13  arguments on the evidence because they did not know for certain what the evidentiary posture of the

14  allegations related to Jurors Mitts, Herbert and Robinson would be.

15  **B.  PETITIONER SUBMITS ADDITIONAL CLAIMS ON PRIOR BRIEFING**

16       Petitioner's counsel have made progress in drafting a closing brief. Counsel previously

17  submitted Claim 18 on the prior briefing, and they are prepared at this time to submit Claims 2, 11, 13,

18  and 19 on the arguments presented in the Amended Petition and opposition to summary judgment.

19  Petitioner's counsel can submit Claim 4 on the prior briefing on Petitioner's motions for discovery and an

20  evidentiary hearing on the aspects of Claim 27 related to the State's decision not to prosecute Petitioner

21  for the alleged murder of Sheryl Renee Wright, and Judge Patton's role in the Colusa County Grand Jury's

22  investigation of that decision.[1] Petitioner points out that *Stone v. Powell*, 428 U.S. 465 (1976), addressed

23  "the specific question" whether "state prisoners – who have been afforded the opportunity for full and fair

24  consideration of their reliance upon the exclusionary rule with respect to seized evidence by the state

25  courts at trial *and on direct review* – may invoke their claim again on federal habeas corpus review. 428

26  ———

27  [1] The prior briefing on this issue includes the following: Petitioner's Motion for Discovery (Doc. 465) at 6-8, 11-16; Petitioner's Request for Reconsideration (Doc. 487); Petitioner's Motion for Evidentiary Hearing (Doc. 502) at 63-68; Petitioner's Reply to Response to Motion for Evidentiary

28  Hearing (Doc. 511) at 18-23; Petitioner's Request for Reconsideration (Doc. 541) at 22-27.

1  U.S. at 489 (emphasis added). The California Supreme Court specifically refused to conduct direct review

2  of Petitioner's Fourth Amendment claims on appeal. *People v. Stanley*, 10 Cal.4th 764, 786-791 (1995).

3  Thus, Petitioner submits this Court may review Claim 5 of the Amended Petition on the merits. *See*

4  *United States ex rel. Bostick v. Peters*, 3 F.3d 1023, 1026-29 (7th Cir. 1993); *Tukes v. Dugger*, 911 F.2d

5  508, 514 & nn. 6, 7 (11th Cir. 1990), *cert. denied*, 502 U.S. 898 (1991); *Agee v. White*, 809 F.2d 1487,

6  1490 (11th Cir. 1987).

7  **C.   REASONS COUNSEL HAVE BEEN UNABLE TO COMPLETE CLOSING BRIEF**

8  In addition to the parties' joint views regarding Mr. Blake and the juror misconduct issues

9  discussed above, Petitioner's counsel state the following. Since this Court's August 16 order, Petitioner's

10  counsel have been reviewing the prior briefing in this case, updating their research, and preparing closing

11  arguments on those claims that cannot be submitted on the extant briefing. Calendar conflicts described

12  below have prevented counsel from completing the closing brief.

13  Petitioner's lead counsel, Mark E. Olive, has a hearing in a Florida case on October 18,

14  2006, and another post-hearing brief due on October 31, 2006, in another Florida capital post-conviction

15  case. In addition, the time Mr. Olive has been able to devote to the closing brief in October has been

16  limited due to travel necessitated by other obligations including regular trips to Tuscaloosa, Alabama,

17  where he teaches a course for the law school, trips to New York for meetings on other cases, and a seminar

18  in Mississippi on October 20 and 21.

19  Prior to the entry of the scheduling order in this case, Petitioner's counsel, Joseph

20  Schlesinger, had been ordered to prepare the opening brief in *Edwards v. Ayres*, Ninth Cir. Case No. 05-

21  99001. Mr. Schlesinger spent much of his time in September working on this brief because the *Edwards*

22  matter is complex even by capital case standards. The trial court proceedings spanned six years. As a

23  result of two mistrials, the penalty phase was tried three times. The reporter's transcript of the trial

24  exceeds 10,000 pages. Approximately 92 claims separate claims and subclaims for relief were alleged in

25  the federal petition for writ of habeas corpus, which were decided by 10 separate memorandum orders,

26  totaling over 350 pages. The evidentiary hearings lasted 11 days, and over 5000 documents were

27  introduced into evidence. On September 7, 2006, Mr. Schlesinger was forced to seek an extension of time

28  from the Ninth Circuit. The *Edwards* brief is currently due to be filed November 14, 2006.

1    Prior to the entry of the scheduling order in this case, the Court in *Osband v. Warden*, CIV

2    S-97-0152 WBS KJM, entered a scheduling order requiring counsel for Petitioner, Tivon Schardl, to

3    submit by October 27, 2006, a complete witness list, including summaries of testimony, a complete

4    exhibit list, all direct testimony being proffered in the form of declarations, and all documentary exhibits

5    being proffered under Habeas Rule 7. Order filed 6/14/2006, Doc. 270 in *Osband v. Warden*, CIV S-97-

6    0152 WBS KJM, at 1:16-25. In addition, the *Osband* order required Petitioner's counsel to take, again by

7    October 27, 2006, the deposition of an expert witness in lieu of live testimony. *Id.* at 2:1-3. The

8    deposition was taken on October 5, and Petitioner's counsel has been working on the other tasks set out in

9    the order.

10   **D.    CONCLUSION**

11   For the foregoing reasons, the parties respectfully request that the Court extend by 30 days

12   the time for filing closing briefs.

13   Dated: October 13, 2006

Respectfully submitted,

14

15   MARK OLIVE                                    BILL LOCKYER
     Attorney at Law                              Attorney General of the State of California
16
     DANIEL J. BRODERICK                          ROBERT R. ANDERSON
17   Federal Defender                             Chief Assistant Attorney General
                                                  MARY JO GRAVES
18   /s/ Joseph Schlesinger                       Supervising Assistant Attorney General
     JOSEPH SCHLESINGER
19   Assistant Federal Defender
                                                  /s/ Ruth Saavedra (as authorized on 10/13/06)
20   TIVON SCHARDL                                RUTH M. SAAVEDRA
     Assistant Federal Defender                   Deputy Attorney General
21
     Attorneys for Petitioner                     Attorneys for Respondent
22   GERALD F. STANLEY                            ROBERT J. AYERS, Jr., Warden

23

24   It is so ordered:

25

26   Dated: OCT 2 4 2006

27                                                GREGORY G. HOLLOWS

28

Joint Req. Extend Time Closing Briefs          4                    Case No. CV-95-1500 FCD/GGH