IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GERALD F. STANLEY,

    Petitioner,

vs.

EDDIE YLST, Acting Warden of the California State Prison at San Quentin,

    Respondent.

No. CIV S-95-1500 FCD GGH P

**DEATH PENALTY CASE**

ORDER

    The undersigned has recently extended the time in which to receive final merits briefing. A good portion of that briefing will probably address the competency trial and penalty phase, primarily for issues heard at evidentiary hearing. However, the undersigned has reached a tentative view that the jury misconduct issue, aka the Juror Mitts issue, invalidates the competency trial. If that tentative view holds, the competency verdict could not stand, and by definition, the penalty phase verdict would probably fall as well. It would therefore make little sense to task the parties with briefing the other competency trial issues or penalty phase issues, some of which were complex and difficult, and which would necessitate a great deal of time and effort to brief.

\\\\\

No final decision has been made on the Juror Mitts issue, nor on the issue of how the failure of the competency verdict would affect the penalty phase verdict. These are subjects which need to be addressed in the final briefing along with guilt phase issues which have not been adequately briefed already. The final decision on the Juror Mitts and sequellae issues could change from the tentative view. Nevertheless, in light of the undersigned's tentative views, the parties will be given the option to defer briefing on other competency trial and penalty phase issues.

Accordingly, the parties may defer briefing all competency trial and penalty phase issues aside from the Juror Mitts issue and the penalty phase "effect" issue described above. In the event that the undersigned changes his tentative views, the undersigned would, of course, give the parties the opportunity to brief any competency trial or penalty phase issues deferred.[1]

DATED: 10/25/06

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
U.S. MAGISTRATE JUDGE

stan1500.defer

---

[1] The undersigned is not mandating a deferral of briefing issues; the parties may, at their discretion, defer briefing upon competency trial and penalty phase issues other than the Juror Mitts issue and the penalty phase "effect" issue. The undersigned is only attempting to save the parties from briefing issues which the undersigned may never ultimately adjudicate. See Blazak v. Ricketts, 971 F.2d 1408 (9th Cir. 1992) (district court does not have to adjudicate all issues in a capital habeas case which may be mooted by a ruling on one.)