UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

GERALD F. STANLEY,

        Petitioner,

   v.

EDDIE YLST, Acting Warden
of the California State
Prison at San Quentin,

        Respondent.

NO. CIV. S-95-1500 FCD GGH P

DEATH PENALTY CASE

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on the parties' objections[1] to the magistrate judge's findings and recommendations of April 11, 2007 ("F&R") (Docket #795), granting petitioner Gerald F. Stanley's petition for writ of habeas corpus with respect to his

---

[1] Following various grants of extensions of time to respond, the parties filed their respective objections, responses, and replies thereto, with briefing concluding on June 15, 2007. (Docket #s 800, 808 and 813 [respondent's objections, petitioner's response and respondent's reply]; Docket #s 805, 806 and 809 [petitioner's objections, respondent's response and petitioner's reply].)

claim of juror misconduct by Juror Mitts during his competency trial, and directing the state superior court to determine whether a retrospective competency trial can be held and to hold such trial if one is possible.[2]  Pending those proceedings, the magistrate judge recommends that following final adjudication of petitioner's guilt-phase claims,[3] this court (1) enter partial judgment, pursuant to Federal Rule of Civil Procedure 54(b), on the guilt-phase claims, as well as the instant juror misconduct-competency trial claim, and (2) hold in abeyance petitioner's remaining competency trial and penalty-phase claims, as these claims would be mooted by an adverse-to-respondent competency adjudication in the superior court.  The magistrate judge recommends this procedure since "time is of the essence" in holding any possible re-trial on petitioner's competency.  (F&R, filed April 11, 2007, at 1:18-2:6.)

    By his objections, respondent challenges the magistrate judge's ultimate finding of juror misconduct.  In doing so, respondent asks this court to reconsider its adoption of the magistrate judge's previous findings and recommendations, finding that respondent's attorney Brosterhous prejudicially impacted Juror Mitts in her later rendition of facts concerning juror misconduct and ordering as the sanction therefor that the matter of juror misconduct be decided on the Mitts' 1997 declaration

---

[2] The undersigned set the matter for hearing on July 13, 2007; however, after review of the papers, and finding that oral argument would not be of material assistance, the court vacated the hearing and ordered the matter submitted on the briefs (E.D. Cal. L.R. 78-230(h)).  (Minute Order, filed July 9, 2007.)

[3] Said claims are currently under review by the magistrate judge.

2

1  alone (thereby excluding with respect to Juror Mitts, all
2  statements, declarations and testimony procured commencing with
3  the 2000 Brosterhous interview to the present).  (Docket #800.)
4      Petitioner, on the other hand, objects only to the
5  magistrate judge's remedy.  (Docket #805.)  Petitioner maintains
6  that *this* court, not the state court, should decide that a
7  retrospective competency hearing is not possible and thus, grant
8  petitioner a new penalty phase trial.  Petitioner also requests,
9  regardless of this court's adoption of the magistrate judge's
10 suggested remedy, that the court not enter partial final judgment
11 following the court's review of the guilt-phase claims, as
12 recommended by the magistrate judge, and instead direct the
13 magistrate judge to resolve all pending claims prior to entry of
14 judgment.
15     Despite previously arguing to the magistrate judge in favor
16 of the precise remedy he adopted, in response to petitioner's
17 objections (Docket #806), respondent *agrees,* for the first time,
18 with petitioner's requests that this court determine the
19 feasability of a retrospective competency determination and that
20 the magistrate judge resolve all pending claims before entry of
21 judgment.  Respondent *now* disagrees with petitioner only on the
22 issue of whether a retrospective competency hearing is possible;
23 respondent maintains that such a hearing is possible and asks
24 that this court hold such a hearing.
25     In accordance with the provisions of 28 U.S.C.
26 § 636(b)(1)(C) and Eastern District Local Rule 72-304, this court
27 has conducted a *de novo* review of this matter.  Having carefully
28 reviewed the entire file, the court finds the F&R to be supported

by the record and by proper analysis.  It therefore adopts the magistrate judge's F&R of April 11, 2007 in full.

The court writes briefly below only to clarify the issues that are properly before the undersigned and to emphasize certain points, which the court believes demonstrate the propriety of the magistrate judge's findings and conclusions.[4]

As to the issues properly before the court, the court disregards respondent's objections to the extent they ask the court to review its prior decision adopting the magistrate judge's findings and recommendations concerning attorney Brosterhous' misconduct and the evidentiary sanction imposed because of his misconduct.  The court's previous order, filed October 13, 2006 (Docket #770), is the law of the case.  <u>Ingle v. Circuit City</u>, 408 F.3d 592, 594 (9th Cir. 2005).  The court cannot, and will not, reconsider that decision.  <u>Id.</u>  Indeed, respondent does not offer any basis to reverse that decision, and in the absence of such a showing it would be an abuse of discretion for the court to do so.  <u>United States v. Alexander</u>, 106 F.3d 874, 876 (9th Cir. 1997) ("Failure to apply the doctrine

---

[4] The court notes that the magistrate judge has presided over this complicated case for nearly 12 years.  In every facet of this case, he has performed an exhaustive review of the record and relevant case law.  He has also held numerous, lengthy evidentiary hearings, including hearings giving rise to the adjudication of the instant juror misconduct-competency trial claim.  The issues pertaining to this claim have been thoroughly briefed and argued by the parties to the magistrate judge.  In the F&R, the magistrate judge provides this court with a complete statement of the issues and the controlling legal authority, and in doing so, he has provided this court with compelling reasons to adopt his findings and conclusions.  For these reasons, the court does not find it necessary herein to fully reiterate the parties' arguments or the various bases for the rejection or acceptance of a party's position.

4

of the law of the case absent one of the requisite conditions constitutes an abuse of discretion")

Also, the court does not consider respondent's response to petitioner's objections (Docket #806), regarding the proposed remedy. Previously, in briefing and argument to the magistrate judge, respondent urged the precise remedy adopted by the magistrate judge of remanding the feasability determination and competency re-trial, if possible, to the superior court. The Ninth Circuit has held that a district court, on review of findings and recommendations, need not, in its discretion, consider evidence or argument that was not presented to the magistrate judge. United States v. Howell, 231 F.3d 615, 621-22 (9th Cir. 2000). Under the circumstances here, where respondent previously argued in favor of the adopted remedy and only now, for the first time, argues against the remedy to this court, the court declines to consider respondent's new arguments. Thus, the court has considered herein only *petitioner's* objection to the proposed remedy, and it gives no credence to the fact that both parties appear to *now* be in partial agreement as to the suggested procedures.

The court finds similarly with respect to other arguments pressed by respondent in his objections, including arguments that various provisions of the ADEPA bar relief on this claim because of procedural errors, the failure to exhaust, or the incompetency/inadmissibility of the evidence (Docket #800 at 2-21). Pursuant to Howell, these arguments are not properly considered by the undersigned as they were not raised in the exhaustive proceedings before the magistrate judge. See n. 4

5

supra; see also Brown v. Roe, 279 F.3d 742, 745-46 (9th Cir. 2002).

As to the magistrate judge's substantive findings and conclusions, the court easily agrees, under the facts as described in the 1997 Mitts declaration (see F&R at 4:9-5:11), that Juror Mitts engaged in misconduct which warrants invalidation of the competency jury trial.  No matter how vigorously respondent objects,[5] he cannot deny the facts that Juror Mitts' past history, which she failed to disclose and/or lied about,[6] affected her ability to be a fair and impartial juror, and she affirmatively knew it, as admitted in her 1997 declaration.  As the magistrate judge aptly found: "That combination is what makes her conduct prejudicial."  (F&R at 8:1-2.)

Mitts declared: "I lied to the court when I said that I could be a fair and impartial juror and give Jerry Stanley a fair trial."  (F&R at 4:19-20.)  As set forth above, it is the law of the case that this statement is to be believed.  (Mem. & Order, filed October 13, 2006 [adopting F&R on attorney misconduct

---

[5] Respondent filed a 65-page brief setting forth its objections on this sole issue.

[6] The court further agrees that contrary to respondent's suggestions, there can be no serious dispute that Juror Mitts failed to disclose pertinent information in response to the voir dire questions asked of her.  As petitioner has repeatedly shown in his briefing, the context of the Mitts' voir dire can lead to only one conclusion--that Mitts knew that a line of inquiry at voir dire called for revelation of facts about the crimes committed upon *her* in the past but she did not disclose them. Moreover, Mitts stated in her 1997 declaration that she lied when she said she could be impartial; the lie referenced had much to do with her undisclosed history of a past rape and threat of being murdered and physical abuse by her then-husband.

issue, wherein the magistrate found (1) that no conduct on the part of the federal defender investigators who procured the declaration prompted the admission; (2) it was counterintuitive to believe that a person would make up such a statement against interest; (3) the facts did not show that Mitts had a change of heart over the death penalty or some other ulterior motive which might have caused a fabricated declaration, and (4) Juror Mitts' attempted recantations of the declaration at the hearing were incredible].) Such impartiality would be clear grounds to challenge a juror for cause based on *actual* bias. (See F&R at 10-11 [citing cases].) Under that circumstance, a re-trial is required. McDonough Power Equip. v. Greenwood, 464 U.S. 548, 556 (1984).

Having found prejudicial juror misconduct, namely "the non-revelation of facts which would have surely caused juror Mitts to have been discharged for cause," the issue became the appropriate remedy to be imposed. (F&R at 11:16-18.) Contrary to petitioner's arguments, the magistrate judge considered the relevant case law finding retrospective competency hearings heavily disfavored due to the passage of time between the original competency determination and any re-trial conducted a significant time after the original determination. (F&R at 12.) However, the magistrate judge properly emphasized the specific context of habeas proceedings, in which federal courts remand for re-trial in the vast majority of cases, despite significant passage of time. (Id.)

Regarding competency issues, in particular, the magistrate judge relied on the Ninth Circuit's decision in Odle v. Calderon,

1  238 F.3d 1084 (9th Cir. 2001) in recommending remand to the state
2  court to determine, in the first instance, the feasability of a
3  retrospective competency determination.  The court finds that
4  application of Odle to the instant case is appropriate.  In Odle,
5  the court found that the state court could cure its failure to
6  hold a competency hearing at the time of trial by "conducting one
7  retroactively."  Id. at 1089.  Whether such a hearing was
8  possible was left to the state court to decide:  "We . . . remand
9  the case to the district court with instructions to grant the
10 writ unless the state trial court conducts a hearing within sixty
11 days to determine whether Odle was competent at the time he stood
12 trial."  Id. at 1090.

13      Petitioner's argument that in Odle the *Ninth Circuit*
14 determined that a retrospective competency hearing could be held
15 is wholly unavailing.  The court stated: "If the *state court*
16 concludes that it is unable to conduct a retrospective competency
17 hearing, then the conviction must be set aside."  Id. at 1090 n.
18 7 (emphasis added); see also People v. Ary, 118 Cal. App. 4th
19 1016, 1027 (2004) (employing Odle's procedures and explaining
20 that there, the Ninth Circuit "remanded the matter to the trial
21 court for a determination of whether such a hearing could be
22 held, in light of the 20-year passage of time and the available
23 evidence of [the] defendant's psychiatric condition at the time
24 of the original trial").  The Ninth Circuit simply remarked about
25 the feasability of a competency re-trial in order to justify the
26 remand, as opposed to an immediate reversal of Odle's conviction.
27 Odle, 238 F.3d at 1089 (recognizing that the Ninth Circuit has
28 held, despite the general rule that such hearings are heavily

8

disfavored, that "retrospective competency hearings may be held when the record contains sufficient information upon which to base a reasonable psychiatric judgment").

Petitioner does not cite any contrary, controlling authority which persuades this court that Odle's procedures should not be followed.[7]  Indeed, petitioner fails to cite any case wherein a court found that remand to a state court or trial court (if a direct appeal case) is impermissible.  Instead, petitioner cites to various *out-of-circuit* cases wherein courts decided the issue of feasability without any discussion of the propriety of remand to a lower court for decision of the issue.  See e.g. McGregor v. Gibson, 248 F.3d 946 (10th Cir. 2001); Appel v. Horn, 250 F.3d 203 (3rd Cir. 2001); Hull v. Kyler, 190 F.3d 88 (3rd Cir. 1999); United States v. Klat, 156 F.3d 1258 (DC Cir. 1998).  Here, as expressly acknowledged by the magistrate judge, there are "competing factors in favor of and contrary to a retrospective hearing," and in such circumstances, the court agrees with the magistrate judge that Odle teaches that in state cases, the state courts should decide, in the first instance, whether such hearings are feasible.  (F&R at 14:24.)[8]

---

[7]  Other courts have employed procedures similar to Odle, directing trial courts to decide the possibility of holding retrospective competency hearings.  See e.g., United States v. Mason, 52 F.3d 1286, 1293 (4th Cir. 1995); United States v. Renfroe, 825 F.2d 763, 767-68 (3rd Cir. 1987); United States v. Johns, 728 F.2d 953, 957-58 (7th Cir. 1984); Martin v. Estelle, 546 F.2d 177, 180 (5th Cir. 1977).

[8]  Because the court finds no basis to decline to adopt the magistrate judge's suggested remedy of remand to the state court, it does not consider herein the parties' lengthy arguments with respect to the actual feasibility of a retrospective
(continued...)

9

1   Moreover, the court notes that in the above cases as well as
2 others relied on by petitioner to object to the proposed remedy,
3 the courts were ultimately persuaded that a retrospective
4 competency hearing could not be held due to the *complete* lack of
5 contemporaneous evidence in the record, medical or otherwise.  In
6 this case, there was a contemporaneous competency determination
7 made on a full record, which included extensive mental health
8 evidence, both documentary and testimonial.[9]

9   Under the suggested procedures, the magistrate judge's
10 recommendation for entry of partial judgment and abeyance of
11 other claims, following this court's review of the guilt-phase
12 claims currently pending before the magistrate judge, makes
13 practical sense and ensures the most efficient use of the court's
14 resources.  (F&R at 15:14-16:1.)  Further, the court agrees that
15 the "recommended procedure is entirely consistent, if not
16 identical in substance, with the remedy devised in Odle."  (F&R
17 at 15:17-18.)

18    Thus, for all of the above reasons, the court adopts in full
19 the magistrate judge's F&R of April 11, 2007.

DATED: July 24, 2007

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

---

[8] (...continued)
competency trial in this case.

[9]   The competency trial spanned 17 volumes and nearly 3,000 pages of transcript.  (Docket #806 at 7.)

10