IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GERALD F. STANLEY,

    Petitioner,                     No. CIV S-95-1500 FCD GGH DP

  vs.

ROBERT S. AYERS, Acting Warden
of San Quentin State Prison,

    Respondent.                 <u>ORDER</u>

/

        Petitioner, a state prisoner proceeding through counsel, has timely filed a notice of appeal of this court's March 17, 2008, order denying petitioner's guilt phase claims. Partial judgment was entered pursuant to Fed. R. Civ. P. 54(b) following this order. Before petitioner can appeal this decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

        A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate of appealability must "indicate which specific issue or issues satisfy" the requirement. 28 U.S.C. § 2253(c)(3).

/////

A certificate of appealability should be granted for any issue that petitioner can demonstrate is "'debatable among jurists of reason,'" could be resolved differently by a different court, or is "'adequate to deserve encouragement to proceed further.'" Jennings v. Woodford, 290 F.3d 1006, 1010 (9th Cir. 2002) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).[1]

For the reasons set forth in the magistrate judge's August 29, 2007, findings and recommendations, petitioner has not made a substantial showing of the denial of a constitutional right as to his claim that he was denied a full and fair state court hearing on his motion to suppress illegally obtained evidence.

Petitioner has made a substantial showing of the denial of a constitutional right in the following issues:

1. Whether this court erred in ordering the state court to determine the feasability of retrospective competency hearing in lieu of a federal finding that such hearing was not feasible.

2. Whether this court erred in not ruling upon all claims presented by the operative habeas petition.

3. Whether this court erred in denying relief on petitioner's claim regarding the trial court's failure to order a competency inquiry sua sponte.

4. Whether this court erred in denying relief on petitioner's claim that trial counsel were ineffective for failing to initiate timely competency proceedings.

5. Whether this court erred in denying relief on petitioner's claim that trial counsel were ineffective for failing to raise a diminished capacity defense.

/////

/////

---

[1] Except for the requirement that appealable issues be specifically identified, the standard for issuance of a certificate of appealability is the same as the standard that applied to issuance of a certificate of probable cause. Jennings, at 1010.

1       Accordingly, IT IS HEREBY ORDERED that a certificate of appealability is
2  issued as to the five claims set forth above.
3  DATED: November 05, 2008.

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE