1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GERALD F. STANLEY,

11            Petitioner,                    No. CIV S-95-1500 JAM GGH DP

12        vs.                                **DEATH PENALTY CASE**

13
     EDDIE YLST, Acting Warden
14   of San Quentin State Prison,

15            Respondent.                    FINDINGS & RECOMMENDATIONS

16   _____/

17   _Introduction and Summary_

18            It should come as no surprise, given the history of this case, that this very

19   procedurally complicated capital case has become even more so.  The precise issue here is

20   whether exhaustion principles require that a state court retrospective competency determination,

21   previously mandated by a federal court ruling on a habeas petition, must be exhausted at all

22   available levels before return to federal court to contest that state court determination.  Although

23   petitioner's arguments in this rather infrequent procedural situation are not without color, the

24   undersigned finds that petitioner may not return to federal court to contest the result of a

25   retrospective competency hearing unless and until he has exhausted all available state court

26   remedies.

                                            1

*Procedural Facts*

Only the procedural facts pertinent to the retrospective competency hearing shall be set forth here. Those facts were well set forth in the Ninth Circuit opinion in this case addressing, in part, the entry of partial judgment and deferral of penalty phase claims.

Stanley's case was transferred to Butte County in 1982 where it was tried by retired Butte County Superior Court Judge Jean Morony. After a seven-month trial, the jury found Stanley guilty of arson, burglary, first degree murder, and the special circumstances that Stanley intentionally killed the victim while lying in wait and that Stanley killed the victim for the purpose of preventing her from testifying in a criminal proceeding. In a separate proceeding, the court and jury found true additional special circumstances.

Judge Morony held a penalty phase trial beginning in August 1983. Defense counsel intended to present as mitigating evidence the testimony of psychiatrist Dr. David Axelrad and videotaped interviews of Stanley he conducted. Stanley changed his mind repeatedly over the course of several days and ultimately refused to waive his psychiatrist-patient and Fifth Amendment privileges in order to permit his attorneys to call Dr. Axelrad or present this evidence to the jury. Arguing that Stanley was interfering irrationally with their "entire mitigation strategy," defense counsel moved for competency proceedings under California Penal Code § 1368. Section 1368 provides that either counsel or the court may move for a hearing to determine whether a criminal defendant is competent to stand trial. Judge Morony denied the § 1368 motion twice, finding both times that there was insufficient doubt as to Stanley's competency to warrant a § 1368 hearing. When counsel made the motion a third time, Judge Morony finally granted it. He suspended the penalty phase trial and kept the jury on call pending a determination of Stanley's competency.

A month-long competency trial, with a separate jury, was held in Butte County before Superior Court Judge Reginald M. Watt. In November 1983, that jury returned a verdict that Stanley was competent within the meaning of California Penal Code §§ 1367 and 1368.

Judge Morony then resumed the penalty phase trial before the original jury. By this time, Stanley had changed his mind again. He permitted Dr. Axelrad to testify and allowed his counsel to play the tapes of the Axelrad interviews. On December 28, 1983, the original jury returned a verdict of death.

\*\*\*

On April 10, 2007, Judge Hollows issued Findings and Recommendations ("F & R") recommending granting relief on Claim 21 of Stanley's amended petition. Claim 21 alleged that a juror in the competency trial had engaged in misconduct by failing to disclose facts during voir dire and by lying about her ability to be impartial. Judge Hollows found that the juror had engaged in misconduct that warranted invalidation of the competency verdict. Judge Hollows recommended that the district court remand to the state court to determine whether a retrial on the question of Stanley's penalty phase competency would be feasible. Judge Hollows also recommended that once the district court adjudicated Stanley's guilt phase claims, the remaining penalty phase claims be held in abeyance pending the state court's determination concerning the feasibility of a retrial.

District Judge Damrell adopted the F & R on the competency juror misconduct claim. Judge Damrell rejected Stanley's contention that the federal court, rather than the state court, should determine whether a retrial on competency is feasible. He concluded that the F & R's suggested remand procedure "makes practical sense and ensures the most efficient use of the court's resources."

On August 29, 2007, Judge Hollows issued an F & R recommending the denial of relief on all of Stanley's pretrial and guilt phase claims and the deferral of adjudication of the remaining penalty phase claims. The F & R recommended denying relief as to the following guilt phase issues relevant to this appeal....

Stanley v. Cullen, 633 F.3d 852, 857-859 (9th Cir. 2011).

Complex proceedings commenced in state court regarding the remand on competency issues; however, all the detail surrounding those proceedings, and alleged deficiencies therein, are not germane to the exhaustion question. Suffice it to say that the state court determined that a retrospective competency hearing was possible, and upon holding such a hearing, determined that petitioner Stanley was competent at the time of his penalty phase. No appeal or other review was sought by petitioner concerning the trial court's determination.

Stanley complains of certain deficiencies in the state court proceedings on remand, and made known to this court what his claims were in this regard. (Docket # 887.) The undersigned held a status conference on May 31, 2012, and inquired why no review, i.e., exhaustion, was sought for the claims regarding the recent competency hearing. Briefing was ordered, and both petitioner and respondent filed that briefing.

3

*Discussion*

There exist several reasons why exhaustion is required:

1.  The fact that an issue arose from state court proceedings on remand from a federal habeas proceeding does not excuse exhaustion;

2.  No reason is apparent which would distinguish a competency issue from any other issue adjudicated in state court which is subject to the exhaustion requirement with respect to the necessity for state court exhaustion;

3.  No clear authority exists which would exempt a competency issue arising in state court proceedings occurring after a federal court remand from exhaustion, and the sparse, on point case authority which does exist indicates exhaustion is required.

The statute which directs exhaustion of federal issues in state court prior to federal rulings on the merits makes no exception for issues which arise in renewed state court proceedings, held by reasons of a previous federal ruling finding constitutional fault.  28 U.S.C. § 2254– provides:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of

4

1    this section, if he has the right under the law of the State to raise,
2    by any available procedure, the question presented.

3    Stanley does not argue that he exhausted his objections to the most recent

4    competency proceedings.  He does not allege that no further state process is available.  Finally,

5    he does not make the argument that further state court review is *per se* ineffective to protect his

6    rights.  He only argues that he is not subject to the exhaustion provisions.

7    Generally, courts should refrain from rewriting statutes to create an exception

8    from its requirements when the drafters included no such express exception.  "The Supreme

9    Court has made quite clear that courts are not authorized to rewrite statutes, even though a statute

10    might be 'susceptible of improvement.' Badaracco v. Commissioner of Internal Revenue, 464

11    U.S. 386, ----, 104 S.Ct. 756, 764, 78 L.Ed.2d 549, 560 (1984)." Kidd v. U.S. Dept. Of the

12    Interior, 756 F.2d 1410, 1412 (9th Cir. 1985).  See also Vanisi v. CIR, 599 F.3d 567, 574 (7th

13    Cir. 2010).  While an exception may be created if the statute would be rendered absurd without

14    it, see DeSylva v. Ballentine, 351 U.S. 570, 579, 76 S.Ct. 974 (1956), no such absurdity exists

15    here.  Indeed, if a competency issue requires exhaustion in the first instance, which even

16    petitioner does not contest, it stands to reason that exhaustion would be required a second time as

17    well, i.e., the decision of the state supreme court, which will be given AEDPA deference, or

18    which was decided on independent state grounds, must be procured in order that the state's final

19    word on the subject be given.  Why should the state *trial court's* determination on federal or state

20    law be elevated to the status given the state supreme court?  Petitioner gives no adequate

21    explanation for the question which answers itself adverse to petitioner simply from its

22    postulation.  For example, if a case were remanded for further proceedings due to an

23    unconstitutional conflict of interest on the part of defense counsel during initial state court

24    competency hearings, issues arising in that further proceeding, e.g., prosecutorial misconduct,

25    withholding of exculpatory evidence, ineffective assistance of counsel, and the like would require

26    the highest state court ruling to finalize the new dispute, just like any other.  Here, the reason for

remand involved a juror's bias during a state law required jury proceeding on competency. Nothing in the nature of that error exempts the new proceeding from higher state court scrutiny on unrelated issues.  The fact that the competency issue here involved a threshold issue of whether a retrospective competency determination could be made at all makes no difference – many state court proceedings involve threshold issues, the determination of which adverse to a defendant permits the issue to go forward on the merits.

Secondly, no apparent reason exists to except competency issues from an exhaustion requirement.  Competency issues arise under both state and federal law, and state courts are bound to follow the decisions of the United States Supreme Court, just as they are for every other issue, at least with respect to a floor for the application of federal constitutional rights.  It remains possible that the state supreme court would find if given the chance, for example, that contrary to the ruling of the trial court, no retrospective competency hearing could take place given constraints of due process.  That determination would finally close this habeas case as much as would a state trial court decision, if given final status.  Petitioner never adequately explains why the state supreme court should not have the final state say on the state competency proceeding.  If interlocutory, collateral-to-the-judgment issues such as competency are initially required to be exhausted, how does the nature of this exhaustion requirement change simply because the new competency hearing raises issues of its own?

Petitioner nevertheless asserts that the finding by the state trial court in this case (that a retrospective competency hearing could be held, and that petitioner was indeed competent at the time of his penalty phase) is not a  "judgment of a state court" to which objections of petitioner are not subject to exhaustion.  This argument begs the exhaustion issue.  Of course, petitioner is being held in custody pursuant to a judgment of the state court.[1]  Nothing in this

---

[1]  And if the competency determination of the state court on remand is not a claim in some way attacking "custody pursuant to a judgement of a state court" (petitioner's stated *sine qua non* for exhaustion), why then is it reviewable *at all* in a later federal habeas action?

1 court's ruling, the Court of Appeals, or the state trial court on remand changed that fact, and it is

2 necessary to this court's habeas jurisdiction in the first place. Simply because there has been a

3 further ruling on a collateral issue to the merits of that judgment does not change that fact.

4          Moreover, there is no doubt that petitioner's present habeas proceeding is a

5 proceeding after judgment was rendered in the federal court on the competency issue. Docket

6 numbers 842 and 843 contain the order certifying *judgment* on certain issues, including the

7 competency claim, and the judgment itself. The court did *not* retain jurisdiction to review the

8 outcome of further competency hearings to be held in state court. Petitioner appealed this partial

9 judgment, and it was affirmed in all respects. Any habeas review of the further state proceedings

10 would be held similarly to any other habeas review.

11          Respondent in this case demonstrates that competency issues on remand are

12 afforded full exhaustion as any other habeas claim would require. McMurtney v. Ryan, 539 F.3d

13 1112 (9th Cir. 2008), presented a case where the federal habeas court initially remanded a case

14 because of competency issues. The case chronology after remand demonstrated that the trial

15 court ruled on the renewed competency claim which was then followed by state supreme court

16 review of that issue. Thus, a second federal habeas review thereupon commenced after full

17 exhaustion of the remanded issue. Id. at 1113.

18          Respondent further cited cases, including Walker v.Ward, 934 F. Supp. 1286,

19 1292 (N.D. Ok. 1996), hit the exhaustion question of remanded competency proceedings head

20 on. See also Jones v. McDonald, 2011 WL 4055267 (E.D. Cal. 2011), presenting the identical

21 issues regarding exhaustion of new issues on a remanded competency claim in a setting nearly

22 procedurally identical to the one herein. These cases stand for the proposition that exhaustion of

23 new issues arising on remanded proceedings require exhaustion.

24          Petitioner relies primarily on Odle v. Woodford, 238 F.3d 1084 (9th Cir. 2001)

25 which did involve a competency issue remanded for further development by the federal courts.

26 In its determination affirming the district court's remand decision on the competency issue, the

1   Ninth Circuit did expressly direct that the district court retain jurisdiction:

> 2   We therefore remand the case to district court with instructions to
> grant the writ unless the state trial court conducts a hearing within
> 3   sixty days to determine whether Odle was competent at the time he
> stood trial. See Miles, 108 F.3d at 1114. The district court shall
> 4   retain jurisdiction. If the state court vacates the conviction, the
> district court shall dismiss the habeas petition. If it upholds the
> 5   conviction, the district court shall review the state court's
> determination consistent with this opinion.

7   Odle, 238 F.3d at 1090.

8   The case only superficially supports petitioner's position.  Odle did not preclude exhaustion even

9   though the language of the opinion referred to the state trial court, and in any event, the panel

10   never discussed the exhaustion issue.  It is well established that the mere directive of an appellate

11   court which assumes the issue in dispute, and does not discuss any issue surrounding the

12   directive, does not stand as binding authority for a later case in which the disputed issue *is raised*

13   for an adjudication on its merits.

> 14   Although we have applied the Chapman standard in a handful of
> federal habeas cases, *see*, e.g.,[citations omitted], we have yet
> 15   squarely to address its applicability on collateral review.  [footnote
> omitted].  Petitioner contends that we are bound by these habeas
> 16   cases, by way of *stare decisis*, from holding that the *Kotteakos*
> harmless-error standard applies on habeas review of *Doyle* error.
> 17   But since we have never squarely addressed the issue, and have at
> most assumed the applicability of the *Chapman* standard on
> 18   habeas, we are free to address the issue on the merits. See Edelman
> v. Jordan, 415 U.S. 651, 670-671, 94 S.Ct. 1347, 1359, 39 L.Ed.2d
> 19   662 (1974).

20   Brecht v. Abrahamson, 507 U.S. 619, 630-631, 113 S.Ct. 1710 (1993).  See also Thompson v.

21   Frank, 599 F.3d 1088, 1090 (n.1) (9th Cir. 2010); Amalgamated Transit Union v. Laidlaw

22   Transit Services, 435 F.3d 1140, 1146 (n.5) (9th Cir. 2006); Burbank-Glendale-Pasadena Airport

23   Authority v. City of Burbank, 136 F.3d 1360, 1363 (9th Cir. 1998).

24            Finally, to the extent that the Ninth Circuit did intend to preclude exhaustion by

25   mandating that the district court retain jurisdiction over the remand proceedings of the state trial

26   court, it expressly so directed.  This is the case in petitioner's other cited cases which again did

1    not reference or make any ruling on the exhaustion requirement.  See Miles v. Stainer, 108 F.3d

2    1109, 1114 (9th Cir. 1997); Evans v. Raines, 800 F.2d 884, 886 (9th Cir. 1986); Seiling v.

3    Eyman , 478 F.2d 211, 216 (9th Cir. 1973), disapproved on other grounds, Godinez v. Moran,

4    509 U.S. 389 (1993).  No such retention of jurisdiction was made for the competency issue in

5    petitioner's case.

6           Thus, Odle and petitioner's other cited cases ultimately do not support the

7    proposition that exhaustion is excused for issues which arise in the state courts on remand from

8    an initial habeas action, at least in a situation where the district court enters a judgment requiring

9    remand, and is not directed by the federal appellate court to retain jurisdiction over the state trial

10   court's decision on remand.

11   *Conclusion*

12          While the requirement for exhaustion in remanded proceedings has not been

13   directly explicated in the Ninth Circuit, it has been in other circuits and is consistent with the

14   language of the controlling statute itself.  The statute, 28 U.S.C. §2254(b) requires exhaustion

15   and the undersigned so finds.

16          Previously, petitioner, concerned that any AEDPA limitations clock would be

17   running while this court considered the exhaustion question, requested that if the court

18   determined exhaustion was necessary, the time at which his claims concerning the remand

19   proceedings in state court were effectively filed would be those claims described in his status

20   report – the time at which his claims were made known.  Because the undersigned raised the

21   exhaustion issue *sua sponte*, which effectively halted all other procedures herein, the undersigned

22   finds that the ten issues (claims) raised in the filed status report, Docket number 887, May 24,

23   2012, and other issues fairly encompassed by the status report, were "filed" for purposes of

24   federal habeas on the above date.  This finding does not preclude petitioner from seeking to raise

25   additional issues which could not have been reasonably ascertained at the time of the filing of the

26   status report.

1    ACCORDINGLY, pursuant to the above discussion and findings, the undersigned

2  recommends that this action be stayed and held in abeyance pending the exhaustion of issues

3  pertinent to the competency proceedings on remand. [2]

4    These findings and recommendations are submitted to the United States District

5  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

6  fourteen (14) days after being served with these findings and recommendations, any party may

7  file written objections with the court and serve a copy on all parties.  Such a document should be

8  captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the

9  objections shall be served and filed within seven (7) days after service of the objections.  The

10  parties are advised that failure to file objections within the specified time may waive the right to

11  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

12  DATED: January 14, 2013

13

14                    /s/ Gregory G. Hollows
                    UNITED STATES MAGISTRATE JUDGE

15

16

17  stanley.ord

18

19

20

21

22

23

24

25    [2]Certainly, at the time of the reinstitution of federal proceedings, the exhausted penalty
   phase issues remained viable, and therefore this mixed petition is subject to stay pursuant to
26  Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528 (2005).