IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GERALD F. STANLEY,

    Petitioner,

vs.

KEVIN CHAPPELL, Acting Warden of San Quentin State Prison,

    Respondent.

No. CIV S-95-1500 JAM GGH DP

**DEATH PENALTY CASE**

ORDER

Petitioner, a state prisoner proceeding pro se, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 14, 2013, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty days. Petitioner has filed objections to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by

1

proper analysis. However, the Court finds that Walker v.Ward, 934 F. Supp. 1286, 1292 (N.D. Ok. 1996), and Jones v. McDonald, 1:10-CV-00068-AWI, 2011 WL 4055287 (E.D. Cal. Sept. 12, 2011), do not support the contention that exhaustion is required at all available levels before returning to federal court to contest a state court restrospective determination because the hearings in both of those cases were not the result of a federal court remand. In addition, the cases cited by Petitioner do not support the proposition that exhaustion is not required because in those cases, the federal appellate court directed the district court to retain jurisdiction. Contrastingly, in this case, the Court was not directed by the Ninth Circuit to retain jurisdiction over the state trial court's decision on remand. See Stanley v. Cullen, 633 F.3d 852, 864-65 (9th Cir. 2011).

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed January 14, 2013, are adopted in full; and

2. This action is stayed and held in abeyance pending the exhaustion of issues pertinent to the competency proceedings on remand.[1]

DATED:   April 10, 2013

/s/ John A. Mendez
UNITED STATES DISTRICT COURT JUDGE

---

[1] Certainly, at the time of the reinstitution of federal proceedings, the exhausted penalty phase issues remained viable, and therefore this mixed petition is subject to stay pursuant to Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528 (2005).