UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY F. STANLEY, | No.  2:95-cv-1500 JAM CKD |
| Petitioner, | DEATH PENALTY CASE |
| v. | |
| WARDEN, San Quentin State Prison, | ORDER |
| Respondent. | |

During the recent stay of these proceedings, this court permitted all filings made on behalf of petitioner, including those made pro se and one recent filing (ECF No. 933) made by petitioner's on and off, self-proclaimed "legal representative" Jack Leavitt.  Because those filings have become excessive, the court feels compelled to address them.  First, it must be noted that the record in this case is riddled with petitioner's complaints about his appointed counsel, the court, and prison staff; declarations that he wished to end these proceedings; and 180-degree changes of mind on each of these issues.  Earlier, those complaints were taken seriously, and at one point the court ordered factfinding and made a tentative determination that petitioner was competent to choose to dismiss these proceedings, only to have petitioner immediately thereafter change his mind.  Petitioner has been instructed numerous times that he may not file documents pro se.  He has consistently ignored those instructions.  Further, Mr. Leavitt has been instructed previously that because he has not been appointed to represent petitioner in these proceedings, he may not

1

file documents on petitioner's behalf.[1]  In fact, the previously assigned magistrate judge held in 2002 that "[f]urther filings by attorney Jack Leavitt in this case will result in sanctions or contempt proceedings."  (ECF No. 365 at 9.)  In 2004, the court found Mr. Leavitt in contempt and ordered him to pay over $10,000 in sanctions.  (ECF No. 437.)

In 2005, petitioner's appointed counsel moved for a determination of petitioner's competency to proceed with his federal case.  (ECF No. 579.)  That motion was denied.  (ECF Nos. 611, 654.)  Since then, it appears that most, if not all, of Mr. Stanley's pro se communications with the court have been simply filed and disregarded.  Based on the history of Mr. Stanley's behavior in this proceeding, the undersigned will continue that practice.  However, unless he is specifically ordered to do so, Mr. Leavitt is barred from filing anything in this case.

Accordingly, IT IS HEREBY ORDERED as follows:

1. The Clerk of the Court is directed to file all pro se submissions made by petitioner Stanley.  The docket shall reflect those submissions as "Letter from petitioner."
2. Attorney Jack Leavitt is warned that any further filings he makes with this court may subject him, again, to sanctions.
3. The Clerk of the Court is directed to remove Mr. Leavitt's August 28, 2014 "Request for Relief to Protect Confidentiality" (ECF No. 933) from the docket.
4. The Clerk of the Court is directed to serve a copy of this order upon Mr. Leavitt.

Dated:  October 2, 2014

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

Stanley pro se filings.or

---

[1] In 2002 and again in 2005, the magistrate judge previously assigned to this case set out a history of Mr. Stanley's obstructionist behavior.  (ECF Nos. 365, 611.)