1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9              FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11   JERRY F. STANLEY,                     No.  2:95-CV-1500 JAM CKD
12              Petitioner,                DEATH PENALTY CASE
13        v.
14   WARDEN, San Quentin State Prison,     ORDER & FINDINGS &
                                           RECOMMENDATIONS
15              Respondent.
16
17

18        Respondent's October 17, 2014 Motion to Dismiss and petitioner's October 24, 2014

19   Motion for Order Authorizing Subpoena Duces Tecum have been submitted.  This court

20   previously found that both motions could be resolved without argument.  (ECF No. 961.)  Each is

21   addressed below.

22                            BACKGROUND

23        The present case involves petitioner's 1983 conviction and death sentence for the 1980

24   murder of his wife.  The crimes occurred in Lake County but venue was transferred and the case

25   was tried in Butte County.  In 1995, the California Supreme Court denied petitioner's appeal.

26   People v. Stanley, 10 Cal. 4th 764 (1995).  In 2002, the California Supreme Court denied

27   petitioner's request for state habeas corpus relief.

28
                                      1

Petitioner filed a petition for writ of habeas corpus with this court in 1995.  In 2008, this court denied all guilt phase issues, a ruling which was affirmed by the Ninth Circuit Court of Appeals in Stanley v. Cullen, 633 F.3d 852 (9th Cir. 2011).  The remaining claims involve a competency proceeding held during the penalty phase, and the penalty phase.  In March 2008, this court held that one of the jurors who found petitioner competent to proceed with the penalty phase committed misconduct.  (ECF Nos. 817, 842.)  The federal proceeding was stayed at that time to permit the state court to determine whether a retrospective competency proceeding was feasible, and, if it was, to hold one.  Thereafter, respondent petitioned the Butte County Superior Court for a determination of the feasibility of a retrospective competency hearing.  Petitioner was appointed a local attorney, Dennis Hoptowit.  However, he petitioned the court for a substitution of counsel.  First, he requested appointment of attorney Mark Olive, who represents petitioner in this federal proceeding.  After a judge denied that request, petitioner abandoned it and sought appointment of Jack Leavitt.[1]  The court denied the request for appointment of Leavitt.  The judge noted that petitioner's attempts to have Leavitt appointed were "manipulative" and "disruptive."  (ECF No. 945-1 at 6-7.)   In 2011, a Butte County Superior Court judge held that a retrospective competency proceeding was feasible and transferred the case to Lake County for the hearing.

In Lake County, Mr. Leavitt filed a "Notice of Appearance of Retained Attorney."  (ECF No. 945-1 at 13.)  In his petition to be appointed, Leavitt informed the court that petitioner wanted to stipulate to his competency at the time of the penalty phase.  (Id. at 14.)  After a hearing, the court appointed Leavitt to represent petitioner for the retrospective competency proceeding.  The competency proceeding was held in September 2011.  On September 30, 2011, the judge found petitioner had been competent at the time of the penalty phase.  (Id. at 39.)

In April 2012, respondent filed a status report in this federal proceeding stating that the state proceedings had concluded because petitioner had failed to appeal the state superior court judge's determination.  Respondent essentially argued that any challenges petitioner might have

---

[1] The request for the appointment of Mr. Olive is not contained in the state court records attached to petitioner's Motion for Sanctions.  (ECF No. 945-1.)  The court accepts petitioner's description of the state court proceedings.  (See ECF No. 945 at 3.)

1   regarding the validity of the state court's retrospective competency determination were

2   unexhausted and could not be raised in this federal proceeding.  (ECF No. 885.)  Respondent

3   asked the court to proceed to resolve the penalty phase claims.  Petitioner responded with a

4   lengthy attack on the legitimacy of the state court's determination of feasibility and of

5   competency.  (ECF No. 887.)   That document included a "non-exhaustive" list of potential

6   challenges to those proceedings.  (Id. at 19-20.)

7        After a May 2012 status conference, the court ordered the parties to file briefs regarding

8   the necessity of exhausting the challenges to the feasibility and retrospective competency

9   determinations.  (ECF Nos. 889, 890.)  The court subsequently held that those issues must be

10   exhausted in state court before they may be considered here.  (ECF Nos. 897, 903.)   In addition,

11   the court ruled that the potential challenges to the feasibility and retrospective competency

12   proceedings which petitioner listed in his status report would be considered timely filed and the

13   federal proceedings should be stayed and held in abeyance pending exhaustion.  (ECF No. 897 at

14   9.)  Petitioner appealed that ruling.  In August 2014, the Ninth Circuit held that it did not have

15   jurisdiction to consider petitioner's interlocutory appeal and dismissed it.  (ECF No. 931.)

16        After receiving status reports from the parties, this court ordered them to brief any

17   motions they sought to make before returning to state court.  (ECF Nos. 936, 939.)   In addition,

18   in early October 2014, the court ordered all pro se submissions by petitioner to be placed on the

19   docket and disregarded.  (ECF No. 940.)  The court noted that it had received one submission

20   from attorney Jack Leavitt and barred Leavitt from filing anything further in this case.  Mr.

21   Leavitt's filing was ordered removed from the docket.

22        On October 17, respondent filed the present motion to dismiss.  (ECF No. 942.)  Petitioner

23   opposes the motion.  (ECF No. 957.)  Respondent did not file a reply brief.  On October 24,

24   petitioner filed the present motion for discovery.  (ECF No. 945.)  Respondent filed no

25   opposition.  Petitioner filed two additional documents on October 24.  First, he moves for

26   sanctions against attorney Jack Leavitt.  (ECF No. 947).  Second, he seeks respondent's

27   compliance with Local Rule 191 regarding the state court record of the feasibility and

28   retrospective competency proceedings.  (ECF NO. 946.)   The court ordered a response from Mr.

1   Leavitt to the sanctions motion and respondent's assistance with collection of the state court

2   record.  (ECF Nos. 948, 949.)  The sanctions motion is set to be heard on December 10, 2014.

3   (ECF No. 962.)

4                                   RESPONDENT'S MOTION TO DISMISS

5            Respondent seeks to dismiss the federal petition as "mixed" because it contains both

6   exhausted and unexhausted claims.  As described above, the issues about the state's feasibility

7   and retrospective competency proceedings which petitioner raised in his May 2012 status report

8   (ECF No. 887), were deemed timely filed in Findings and Recommendations made by Judge

9   Hollows, the previously assigned magistrate judge.  (ECF No. 897.)  Judge Hollows also found

10   that exhaustion of the feasibility and competency determinations was required and recommended

11   stay/abeyance of this federal proceeding pending exhaustion.  Respondent did not object to those

12   Findings and Recommendations.  The district judge adopted them in full in April 2013.  (ECF

13   No. 903.)

14            Respondent first argues this court abused its discretion in granting a stay.  Respondent's

15   extremely belated attempt to challenge the 2013 ruling is not well taken.  Respondent had an

16   opportunity to challenge the stay by objecting to the Findings and Recommendations.  He did not

17   do so.

18            Respondent's additional argument that petitioner's counsel is engaging in intentional

19   delay is not supported.  First, it should be noted that neither this court nor the Court of Appeals

20   gave petitioner a deadline for filing an exhaustion petition with the state court.  Further, a history

21   of recent proceedings in this case demonstrates that petitioner has not engaged in intentional

22   delay either prior to seeking a stay or since then.

23            After the retrospective competency proceedings concluded, during a status conference

24   before Judge Hollows, petitioner raised the problems with obtaining records from the state

25   proceedings.  Judge Hollows informed petitioner's counsel that any issues about obtaining

26   records were premature and could be resolved after resolution of the exhaustion issue.[2]  On April

27   _____

28   [2] The status conference has not been transcribed.  (ECF No. 888.)  The court reviewed the
    recording of that conference and confirms petitioner's description of it.  (See ECF No. 957 at 2.)

4

1  11, 2013, the district judge adopted the Findings and Recommendations and ordered the case

2  stayed.  (ECF No. 903.)  One month later, petitioner appealed that order.  (ECF Nos. 907, 908.)

3  The Ninth Circuit Court of Appeals dismissed the appeal on August 13, 2014.  (ECF No. 931.)

4  Since then, petitioner has been attempting to obtain a full record of the state court proceedings

5  and his state attorneys' files.  This history shows petitioner pursuing the exhaustion issues, which

6  were not concluded until a few months ago, and then, as he was instructed by Judge Hollows,

7  pursuing collection of the state court record.  Respondent has not shown petitioner's counsel has

8  engaged in intentional delay.  Respondent's final assertion that petitioner's claims lack merit

9  lacks any support or, for that matter, argument.  Because petitioner has not had an opportunity to

10  fully allege his claims, respondent's attempt to challenge their merits is also premature.

11  Respondent's motion to dismiss should be denied.

12                        PETITIONER'S MOTION FOR SUBPOENA DUCES TECUM

13          Petitioner seeks his files from attorney Dennis Hoptowit, who represented petitioner in the

14  Butte County feasibility proceeding, and from attorney Jack Leavitt, who represented petitioner in

15  the Lake County retrospective competency proceeding.  In the motion, counsel recount the many

16  fruitless attempts to obtain petitioner's state attorneys' files.  Respondent filed no opposition to

17  the motion.

18          In a habeas proceeding, discovery is appropriate only by order of the court and for good

19  cause shown.  Rule 6, Rules Governing Section 2254 Cases.  Petitioner has demonstrated good

20  cause by showing that the files may provide information relevant to his claims that counsel was

21  ineffective at the feasibility and retrospective competency proceedings.  See Bracy v. Gramley,

22  520 U.S. 899, 908-09 (1997).  Further, petitioner has shown that current counsel have a duty to

23  review prior counsel's files and that prior counsel have a duty to make those files available to

24  current counsel.  ABA Guidelines for the Appointment and Performance of Defense Counsel in

25  Death Penalty Cases, Guidelines 10.7, 10.13.[3]  As petitioner points out, because prior counsel

26  have an ethical obligation to provide current counsel with petitioner's files, petitioner may not

27

28  ───────────────
[3] The most recent ABA Guidelines, published in 2003, are contained in Volume 31, No. 4 of the Hofstra Law Review (Summer 2003). They can also be found at http://ambar.org/2003Guidelines.

1    technically be seeking "discovery."  In any event, petitioner has certainly demonstrated good

2    cause to serve subpoenas on Mr. Hoptowit and Mr. Leavitt to obtain the files from their

3    representation of petitioner in state court.

4                                                  CONCLUSION

5            Accordingly, and good cause appearing, IT IS HEREBY RECOMMENDED that

6    respondent's Motion to Dismiss (ECF No. 942) be DENIED.  These findings and

7    recommendations are submitted to the United States District Judge assigned to the case, pursuant

8    to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these

9    findings and recommendations, any party may file written objections with the court and serve a

10   copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's

11   Findings and Recommendations."  The parties are advised that failure to file objections within the

12   specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

13   F.2d 1153 (9th Cir. 1991).

14           It is further ORDERED that petitioner's Motion for Order Authorizing Subpoena Duces

15   Tecum (ECF No. 945) is GRANTED.

16   Dated:  December 3, 2014

17                                                   _____
                                                     CAROLYN K. DELANEY
18                                                   UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28   Stanley mtd and disco.or

                                                     6