UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY F. STANLEY,<br><br>   Petitioner,<br><br> v.<br><br>WARDEN, San Quentin State Prison,<br><br>   Respondent. | No. 2:95-CV-1500 JAM CKD<br><br>DEATH PENALTY CASE<br><br><br>ORDER |

On December 10, 2014, the undersigned held a hearing on petitioner's counsel's motion to impose sanctions on attorney Jack Leavitt. Petitioner's appointed attorneys Joe Schlesinger and Tivon Schardl appeared, as did Mr. Leavitt. The court first considered Mr. Leavitt's request for reconsideration (ECF No. 968). Because Mr. Leavitt does not represent petitioner in these proceedings and because Mr. Leavitt provided the court no reason to reconsider its order limiting Mr. Leavitt to filing only a response to the motion for sanctions, the request for reconsideration will be denied. Next, the court noted Mr. Leavitt's concerns, expressed in his request for reconsideration, that he had not received service of the court's November 10 and November 26, 2014 orders. The docket reflects that the Clerk's Office served copies of both orders upon Mr. Leavitt by U.S. mail to the address Mr. Leavitt has used in documents filed here, 1019 Merced St., Berkeley, CA 94707. If Mr. Leavitt wishes mail from the court to be sent to a

////

different address, he should provide it.  The court then turned its attention to petitioner's motion for sanctions.

## MOTION FOR SANCTIONS

Petitioner's counsel seek the imposition of sanctions against attorney Jack Leavitt for violation of orders which prohibit Mr. Leavitt from filing documents or appearing in this matter. Petitioner's counsel's motion is considered with the history of this litigation in mind.

I.     Background

In an October 22, 2002 order, Magistrate Judge Hollows, who was previously assigned to this case, set out in some detail the actions of petitioner Stanley and attorney Leavitt which had delayed and complicated these proceedings.  Judge Hollows described petitioner's continual complaints about "every attorney and jurist who has been involved in this case." (ECF No. 365 at 2.) He also described the seesawing nature of petitioner's complaints.  While petitioner has requested dismissal of these proceedings at various times, he appears to have changed his mind just as frequently. (Id. at 3-7.)   Between 1998 and 2002, some of the filings were made by attorney Jack Leavitt. (Id.)

Judge Hollows found that petitioner had authorized his petition to go forward and determined that he would "not entertain any further requests to find to the contrary, nor will the court entertain prospective, related requests to withdraw the petition." (Id. at 8-9.)   Judge Hollows further found attorney Leavitt had aided in petitioner's "quest to disrupt these proceedings, and the record in this case reflects his only purpose for being 'retained' by petitioner Stanley is to continue the disruption." (Id. at 9.)   Judge Hollows specifically ordered that "Attorney Leavitt is not permitted to appear in this action, and he shall file no further pleadings in this action." (Id.) "Further filings by attorney Leavitt in this case will result in sanctions or contempt proceedings." (Id.)

Less than a year later, attorney Leavitt was back (See ECF Nos. 385, 437 at 2-4.) and petitioner Stanley continued to submit numerous pro se filings.  In December 2003, petitioner's counsel filed a motion to sanction Mr. Leavitt. (ECF No. 409.)  In January 2004, Judge Hollows held a hearing on the motion.  Attorney Leavitt's position was that he had filed documents on

1 petitioner Stanley's behalf because "he was Stanley's real lawyer and the court should recognize
2 him as such." (ECF No. 437 at 4.) Judge Hollows found that Mr. Leavitt had violated the
3 October 22, 2002 order and had done so in bad faith. (Id.) In February 2004, Judge Hollows
4 imposed over $10,000 in sanctions for actions Mr. Leavitt had taken in federal court. (Id. at 7.)
5 Judge Hollows declined to impose sanctions for Mr. Leavitt's actions outside this federal habeas
6 proceeding, finding those issues better addressed by the State Bar. (Id. at 6.) Mr. Leavitt sought
7 reconsideration of the imposition of sanctions. In May 2004, the district judge denied that
8 request. (ECF No. 458.) In doing so, the district judge noted that the points raised by attorney
9 Leavitt "are not relevant and raise no issues of material fact." (Id. at 4.)

Since May 2004, petitioner Stanley has filed dozens of pro se letters, which, among other things, complain about his attorneys, complain about judges assigned to this case, request dismissal of the case, and contradict claims made in the petition which he had approved. While petitioner attached documents showing attorney Leavitt's involvement in proceedings in Tehama County, with the prison, with the FBI, with the State Bar, and in state court, as petitioner's "retained attorney," it does not appear that Mr. Leavitt filed anything in this court until recently.

On October 19, 2005, petitioner filed a pro per request for a competency determination because he felt he was "not competent to assist my attorneys any further." (ECF No. 566.) In November 2005, petitioner's appointed attorneys followed up on that request by making a formal motion to determine petitioner's competency. (ECF No. 579.) Petitioner filed a second pro se request for a competency determination in December 2005. (ECF No. 595.) On December 21, 2005, Judge Hollows found petitioner's conduct manipulative, rather than indicative of incompetence, and rejected the request for a competency proceeding. (ECF No. 611.) The district judge adopted that recommendation. (ECF No. 654.) Since then, petitioner has filed several pro se requests to "reopen competency hearing." (ECF Nos. 769, 774, 782, 870.)

In April 2007, the Court of Appeals ordered this court to respond to petitioner's request "to remove his current habeas counsel based upon alleged irreconcilable conflicts and complaints of neglect." (ECF No. 802.) In that proceeding, Ninth Circuit case no. 07-71216, the Court of

/////

Appeals received responses from respondent, Judge Hollows,[1] petitioner Stanley, and attorney Jack Leavitt. According to the Court of Appeals' docket, Mr. Leavitt's declaration was filed "in support of Jerry Stanley's petition contending that a conflict exists with his court-appt'd attys." On September 4, 2007, the Court of Appeals denied Stanley's pro se petition for mandamus relief. (ECF No. 819.)

In 2011 this case returned to state court for a determination of the feasibility of a retrospective competency proceeding and, after it was determined to be feasible, a competency proceeding. The feasibility proceeding was initiated by the state in Butte County, where petitioner's trial was held. Petitioner was appointed a local attorney, Dennis Hoptowit. Attorney Leavitt attempted to be appointed in that proceeding, but the judge refused. (ECF No. 945-1 at 6-7.) When the case was transferred to Lake County for the competency proceeding, petitioner requested attorney Leavitt's appointment. The state's attorney told the Lake County judge that Mr. Leavitt had been barred from appearing in federal court and in Butte County. Petitioner argues Mr. Leavitt mislead the Lake County judge by claiming that he had not exactly been "barred" from appearing in other courts. The Lake County judge appointed Mr. Leavitt as petitioner's counsel for purposes of the retrospective competency proceeding.

Petitioner Stanley was the only witness at the 2011 competency hearing. (ECF No. 947 at 5.) He testified that he was competent at the time of his 1993 trial. He also testified that the allegations regarding juror Mitts' misconduct at the 1993 competency trial (that she failed to reveal on voir dire that she had been the victim of sexual assault) were known to his trial attorneys and that his federal attorneys have perpetrated a fraud on this court by making that juror misconduct claim, which claim was the basis for this court's prior grant of competency phase relief. In October 2011, Stanley again requested that attorney Leavitt represent him in these federal proceedings. (ECF No. 880.)

Thereafter, petitioner Stanley recommenced submitting numerous pro se filings complaining of various things. While he frequently mentioned dismissing this proceeding, he was not single-

---

[1] Judge Hollows' memorandum filed in response to the Court of Appeals' order was docketed in the instant case at ECF No. 801.

4

minded in doing so. Many filings addressed other issues, such as the prison's treatment of Stanley and conflicts with his attorneys. Stanley also indicated that he wished to continue with this case. In an August 2014 status report, petitioner's counsel stated:

> Mr. Stanley in telephone conversation with Mr. Schlesinger (and in subsequent voicemail messages) specifically requested that this status report include the fact that Mr. Stanley expressly disavows the representations made by Mr. Leavitt in Doc. 933, that he wishes the entirety of Mr. Leavitt's files to be produced to Mr. Schlesinger, that he wishes to continue to be represented by Mr. Schlesinger (but not by Mr. Olive or Mr. Schardl), and would be pleased if Mr. Leavitt lost interest in his case.

(ECF No. 934 at 5 n.3.)

Also in August 2014, shortly after the Ninth Circuit dismissed petitioner's appeal of this court's decision that petitioner must exhaust his challenges to the feasibility and retrospective competency proceedings held in state court, Mr. Leavitt filed a document entitled "Request for Relief to Protect Confidentiality and to Prevent Continuation of Unethical Procedures." (See ECF No. 947-1 at consec. p. 67.) Petitioner Stanley did not sign this document. Rather, Mr. Leavitt submitted it on Stanley's behalf with a declaration that he had the right to do so based on a telephone conversation with Stanley. In that "Request for Relief," Mr. Leavitt and petitioner challenge petitioner's counsel's attempts to obtain Mr. Leavitt's files from the state proceedings.

Shortly thereafter, in a document apparently prepared and served by attorney Leavitt, but signed by Stanley, petitioner states that he is dismissing his appointed attorneys and his "only legal representative is Jack Leavitt." (ECF No. 937.) In an October 3, 2014 order, the court informed Mr. Leavitt that "any further filings he makes with this court may subject him, again, to sanctions," and instructed the Clerk to remove his "Request for Relief . . ." from the docket. (ECF No. 940.)  In an October 20 letter to the court, that appears to have been prepared by Mr. Leavitt, Stanley says, among other things, that he wants only Mr. Leavitt to represent him. (ECF No. 944.)

On October 24, petitioner's counsel made the present motion for sanctions. (ECF No. 947.) The court informed Mr. Leavitt that he could file a response "limited to explaining why this court should not impose sanctions and/or find him in contempt of court." (ECF No. 949.) Mr. Leavitt

5

1  filed a response. (ECF No. 964.)  He also attempted to file a declaration from petitioner Stanley,
2  a motion to dismiss the sanctions motion, and a motion to have Stanley present at the hearing on
3  the sanctions motion.  The court refused to permit these documents to be filed.  (ECF No. 962.)
4  Petitioner's counsel filed a reply brief.  (ECF No. 966.)

5      II.        <u>Legal Standards</u>

6      There are multiple bases upon which a court may impose sanctions.  First, violation of court
7  orders can result in a finding of contempt.  18 U.S.C. § 401.  Petitioner's counsel meet this
8  standard by showing a violation through clear and convincing evidence.  <u>Ahearn v. Int'l</u>
9  <u>Longshore and Warehouse Union</u>, 721 F.3d 1122, 1129 (9th Cir. 2013).  Second, a court has the
10 statutory authority to sanction "[a]ny attorney . . . who so multiplies the proceedings in any case
11 unreasonably and vexatiously" by requiring him "to satisfy personally the excess costs, expenses,
12 and attorneys' fees reasonably incurred because of such conduct."  28 U.S.C. § 1927.  Imposing
13 sanctions under section 1927 requires a finding that the sanctioned party acted in bad faith.
14 <u>Trulis v. Barton</u>, 107 F.3d 685, 694 (9th Cir. 1995).  Judge Hollows imposed sanctions in 2004
15 under this section and under the court's inherent power to do so.  (ECF No. 437 at 5.)  This
16 inherent power to punish attorneys who willfully disobey court orders is the third basis for
17 imposing sanctions.  Again, a court must find the attorney acted in bad faith.  <u>Roadway Express,</u>
18 <u>Inc. v. Piper</u>, 447 U.S. 752, 765 (1980).  Finally, Rule 11 of the Rules of Civil Procedure provides
19 for the imposition of sanctions when an attorney presents a document to the court "for any
20 improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of
21 the litigation."

22     III.       <u>Discussion</u>

23     Petitioner's counsel complain of three documents filed recently.  Mr. Leavitt argued that
24 he has not violated the orders barring him from filing documents in this proceeding.  The first
25 document petitioner complains of was the "Request for Relief to Protect Confidentiality and to
26 Prevent Continuation of Unethical Procedures."  It was filed August 28, 2014 as docket number
27 933, and removed from the docket by order dated October 3, 2014.  (ECF No. 940.)  Petitioner's
28 counsel provided a copy of that document as Exhibit E to the motion for sanctions.  (ECF No.

1  947-1 at 67-72.)   While the document was prepared by Mr. Leavitt, and is not signed by

2  petitioner Stanley, Mr. Leavitt states he prepared it at the behest of Stanley.  Technically, then,

3  Mr. Leavitt argued, it was Mr. Stanley who filed the document, and the filing was not in violation

4  of the bar on filings by Mr. Leavitt.  The court rejects Mr. Leavitt's argument; there is no question

5  that the filing violated both the letter and the spirit of Judge Hollows' October 22, 2002 order

6  barring Mr. Leavitt from appearing in this case and holding that "[f]urther filings by attorney

7  Leavitt in this case will result in sanctions or contempt proceedings."  (ECF No. 365 at 9.)

8  Two subsequent filings were prepared by Mr. Leavitt, but signed by petitioner.[2]  (ECF

9  Nos. 937, 944.)  The first document makes clear Mr. Leavitt's participation because he served it.

10  The docket does not reflect who submitted the second document to the court or served it on

11  counsel.

12  Petitioner's counsel next complains about documents Mr. Leavitt sought to file, but this

13  court refused to file, along with his opposition to the sanctions motion.  (See ECF No. 962.)   It is

14  true that the attempt to file those documents directly contravened this court's order that Mr.

15  Leavitt only file an opposition to the sanctions motion.  The fact that the court intervened before

16  the documents made their way onto the docket is important only in determining the amount of

17  work they caused petitioner's counsel.  The documents were served upon petitioner's counsel and

18  likely caused counsel to prepare to oppose them.

19  Petitioner's counsel also complain about actions Mr. Leavitt has taken outside this court,

20  which have had repercussions in this proceeding.  In fact, petitioner's counsel submitted a

21  supplemental brief detailing Mr. Leavitt's state-court conduct in more detail.  (ECF No. 971.)

22  Whether or not this court has authority to sanction Mr. Leavitt for that conduct, it will not do so.

23  Representations Mr. Leavitt has made to other courts should be dealt with either by those courts

24  or through State Bar proceedings.[3]  To the extent Mr. Leavitt's actions in state court affect

---

[2] Mr. Leavitt does not deny petitioner's counsel's claim that he prepared these documents.

[3] The court declines petitioner's counsel's request that the court initiate State Bar or federal criminal proceedings against Mr. Leavitt.  (ECF No. 971 at 9-10.)  Petitioner's counsel are certainly welcome to do so if they see fit.

discovery and other proceedings here, his conduct can be addressed in the course of those proceedings. For example, the court will entertain petitioner's counsel's further requests for sanctions for any disruptive or stonewalling tactics employed by Mr. Leavitt with respect to the discovery recently authorized by this court.

Despite the fact that the basis for petitioner's counsel's sanctions motion is Mr. Leavitt's contravention of court orders, Mr. Leavitt spent significant court time arguing matters which indicate he could have, but chose not to, comply with those orders. Mr. Leavitt claims (1) that he represents petitioner as his "retained" attorney; (2) that petitioner's appointed attorneys are not acting in accordance with petitioner's wishes; and (3) that petitioner wants to dismiss this proceeding and end all challenges to his conviction and sentence. This court will briefly address each of Mr. Leavitt's points.

### A. Attorney Leavitt's Claim that he Represents Petitioner

First, as Mr. Leavitt has been informed numerous times previously, he does not represent petitioner in these proceedings and he will not be allowed to do so. Mr. Leavitt argues that petitioner has a right to choose his counsel. He cites cases involving a criminal defendant's right to counsel under the Sixth Amendment. (ECF No. 964 at 16 (citing Bland v. California Dept. of Corrections, 20 F.3d 1469 (9th Cir. 1994) (habeas review of petitioner's claim that he was denied Sixth Amendment right to counsel at state criminal trial) and Schell v. Witek, 218 F.3d 1017 (9th Cir. 2000) (same)); see also United States v. Gonzalez-Lopez, 548 U.S. 140, 146-47 (2006); United States v. Rivera-Corona, 618 F.3d 976, 979 (9th Cir. 2010). While those cases may be instructive, they are not on point because petitioner Stanley does not have a Sixth Amendment right to counsel in a federal habeas proceeding. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Bonin v. Vasquez, 999 F.2d 425, 429 (9th Cir. 1993). The right to counsel for a death-sentenced petitioner in a federal habeas corpus proceeding is statutory. See 18 U.S.C. §3599.

Even in the Sixth Amendment context, however, petitioner Stanley would not have an absolute right to choose his own attorney. The Court of Appeals recently explained the scope of that right:

/////

> A defendant who can hire his own attorney has a different right, independent and distinct from the right to effective counsel, to be represented by the attorney of his choice. The right to retained counsel of one's choice is not absolute: A defendant may not "insist on representation by a person who is not a member of the bar, or demand that a court honor his waiver of conflict-free representation," and the Supreme Court has "recognized a trial court's wide latitude in balancing the right to counsel of choice against the needs of fairness ... and against the demands of its calendar." Gonzalez-Lopez, 548 U.S. at 152. . . . In general, a defendant who can afford to hire counsel may have the counsel of his choice unless a contrary result is compelled by "purposes inherent in the fair, efficient and orderly administration of justice."

Rivera-Corona, 618 F.3d at 979 (citing Gonzalez-Lopez, 548 U.S. at 147-48; United States v. Ensign, 491 F.3d 1109, 1115 (9th Cir. 2007)).

In 2012, the Supreme Court considered what standard a district court should use "to adjudicate federal habeas petitioners' motions to substitute counsel in capital cases." Martel v. Clair, ___ U.S. ___, 132 S. Ct. 1276 (2012). The Court determined that counsel should be substituted when it is "in the interests of justice." Id. at 1284. That standard is "context-specific" and permits considerations such as avoiding undue delay, the timeliness of the motion, and the extent of any conflict or breakdown in communication between lawyer and client. Id. at 1287.

This court must approve any substitution of attorneys. E.D. Cal. Local Rule 182. For two significant reasons, Mr. Leavitt will not be permitted to substitute for petitioner's current counsel. First, Mr. Leavitt's history in this case gives this court every reason to think that allowing him to represent petitioner would interfere with the fair and efficient administration of justice. Mr. Leavitt has intentionally disrupted these proceedings, and was sanctioned over $10,000 for doing so. Second, Mr. Leavitt has a conflict of interest in representing petitioner in this federal proceeding. Currently, petitioner is challenging the conduct of the feasibility and retrospective competency proceedings held in Butte and Lake Counties in 2011. Because there are legitimate questions about Mr. Leavitt's conduct when he represented petitioner in the retrospective competency proceeding, he may not also represent petitioner here. Even should petitioner waive any conflict, this court is not bound to accept that waiver, and would not do so. See Gonzalez-Lopez, 548 U.S. at 152 (A defendant may not "demand that a court honor his waiver of conflict-free representation."); Rivera-Corona, 618 F.3d at 979.

9

Finally, Mr. Leavitt's argument that Judge Hollows' 2002 and 2004 orders regarding his conduct are invalid, and thus need not be heeded, is not relevant to this sanctions motion. See United States v. Ayres, 166 F.3d 991, 995 (9th Cir. 1991) ("It is a 'long-standing rule that a contempt proceeding does not open to reconsideration the legal or factual basis of the order alleged to have been disobeyed and thus become a retrial of the original controversy.'") (quoting United States v. Rylander, 460 U.S. 752, 756-57 (1983)).  The time to challenge the 2002 and 2004 orders is long past.

B. Assertions of Conflict between Petitioner and his Appointed Attorneys

Petitioner has complained about every attorney and every jurist since the inception of this case. His pro se filings demonstrate a wide variety of complaints about his current attorneys. A few recent missives include complaints that appointed counsel have deprived petitioner of his personal files, are attempting to prove petitioner perjured himself during the state court retrospective competency proceeding, misled the court about the validity of the juror misconduct claim, and have committed various acts that have offended or angered petitioner in some way.

This court has nothing but the utmost respect for petitioner's appointed attorneys. Throughout these exhausting proceedings, they have represented petitioner professionally and well. Petitioner's history in this proceeding shows that he attempts to disrupt proceedings by complaining about his attorneys. This court will not allow petitioner to continue to do so here.

C. Petitioner's Request to Abandon this Action

On and off in his letters to the court, petitioner has stated that he wants to "dismiss all appeals," "dismiss my habeas proceedings," or "waive further appeals." (E.g., ECF Nos. 917, 918, 919, 922, 928, 930.)   Letters submitted by petitioner in the last several months have not included that request, however. (ECF Nos. 941, 958, 960, 967.) Rather, since early August 2014, any indication that petitioner wishes to abandon this case appears only in submissions prepared by attorney Leavitt. (ECF Nos. 937, 944, 964.)

A federal habeas petitioner has a right to "guide the course of his litigation, including dismissing his action . . ., provided he is mentally competent to do so." Mason v. Vasquez, 5 F.3d 1220, 1223 (9th Cir. 1993); Dennis v. Budge, 378 F.3d 880 (9th Cir. 2004). As described

10

above, this court has already gone down the path of determining petitioner's competence to waive his appeals, only to have petitioner change his mind when it appeared that waiver would be accepted. The court then informed petitioner that it would accept his approval to go forward with this case as his final say on that issue. (ECF No. 365 at 6-9.) "The court will not entertain any further requests to find to the contrary, nor will the court entertain prospective, related requests to withdraw the petition." (Id. at 8:26 – 9:1.)

D. Merits of Sanctions Motion

Judge Hollows' 2002 and 2004 orders, and the undersigned's October 2014 order, were clear – Mr. Leavitt may not file documents or otherwise participate in this proceeding. Mr. Leavitt filed documents on August 21 and September 12, and attempted to file three documents that were not responsive to the undersigned's October 3 order.[4] Each of those documents contravened the court's orders. Mr. Leavitt provided this court with no reason why he was unable to comply with those orders. He explained only why he felt he need not comply. Mr. Leavitt's bad faith is demonstrated by his knowledge that he is violating court orders. His conduct is sanctionable. See Ayres, 166 F.3d at 996 (argument that the refusal to comply with an order was justified because the order was invalid is effectively conceding contempt).

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Mr. Leavitt's December 5, 2014 Request for Reconsideration (ECF No. 968) is DENIED.
2. Petitioner's counsel's October 24, 2014 Motion for Sanctions (ECF No. 947) is GRANTED. Within fifteen days of the filed date of this order, petitioner's counsel shall file and serve upon Mr. Leavitt a statement setting forth the fees and costs incurred as a result of Mr. Leavitt's inappropriate filings dated August 21 and

---

[4] Petitioner's counsel also points to the typed letter filed by petitioner Stanley on October 20 (ECF No. 944). While it appears quite likely Mr. Leavitt prepared that letter, and he does not deny that he did so, there is no indication that he is the one who sent it to the court for filing. Thus, it does not directly contravene the court's orders and, for purposes of this sanctions motion, the court feels it must consider it like petitioner's other letters filed in pro per.

September 12, and three attempted filings served on petitioner's counsel in November.

3. Within fifteen days of service of petitioner's counsel's statement, Mr. Leavitt may file a response. That response may be filed in paper. Mr. Leavitt is warned that any other filing by him will be considered a violation of court orders and sanctionable.

Dated:  December 19, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

Stanley sanctions.or