1

2

3

4

5

6

7                           UNITED STATES DISTRICT COURT

8                          EASTERN DISTRICT OF CALIFORNIA

9

10   GERALD F. STANLEY,                   No.  2:95-cv-1500 JAM CKD

11              Petitioner,

12       v.                               **ORDER DENYING MR. LEAVITT'S
                                          MOTION FOR RECONSIDERATION**
13   KEVIN CHAPPELL, Warden of
     California State Prison at
14   San Quentin,

15              Respondent.

16

17       Before the Court is Attorney Jack Leavitt's Request for

18   Reconsideration (Doc. #982) of Magistrate Judge Delaney's

19   December 19, 2014 Order (Doc. #972).  Mr. Leavitt challenges the

20   Magistrate Judge's award of sanctions, arguing that he has "acted

21   properly in this litigation."  Mot. at 2.

22                          I.   OPINION

23       A.   Legal Standard

24       Sanctions are non-dispositive matters which may be imposed

25   by magistrate judges.  28 U.S.C. § 636(b)(1); Grimes v. City &

26   Cnty. of San Francisco, 951 F.2d 236, 240 (9th Cir. 1991).

27   Because sanctions are non-dispositive matters, review of

28   sanctions issued by magistrate judges is governed by the "clearly

                                   1

erroneous or contrary to law" standard set forth in 28 U.S.C.

§ 236(b)(1)(A).  Therefore, a magistrate judge's order cannot be

set aside or modified unless the findings of fact are clearly

erroneous or the conclusions are contrary to law.  Fed. R. Civ.

P. 72(a).  The order should be modified or set aside only if the

reviewing court is left "with the definite and firm conviction

that the [magistrate judge's] key findings are mistaken."  Easley

v. Cromartie, 532 U.S. 234, 243 (2001).

     B.  <u>Analysis</u>

    This Court finds that Magistrate Judge Delaney's findings

were not clearly erroneous or contrary to law.  The terms of

Magistrate Judge Hollows' October 22, 2002 Order are unambiguous:

"Attorney Leavitt is not permitted to appear in this action, and

he shall file no further pleadings in this action[.]"  Doc. #365

at 9.  Magistrate Judge Delaney's October 3, 2014 Order is

similarly unequivocal: "[U]nless he is specifically ordered to do

so, Mr. Leavitt is barred from filing anything further in this

case. . . . [Leavitt] is warned that any further filings he makes

with this court may subject him, again, to sanctions."  Doc. #940

at 2.  On October 29, 2014, in ordering Mr. Leavitt to respond to

the motion for sanctions against him, Magistrate Judge Delaney

crafted a narrow exception to these prohibitions: "Mr. Leavitt's

response shall be limited to explaining why this court should not

impose sanctions and/or find him in contempt of court.  In

addition, Mr. Leavitt may request oral argument."  Doc. #949 at 1.

    Magistrate Judge Delaney found that Mr. Leavitt violated

these orders with five separate filings (or attempted filings,

which were served on Petitioner's counsel): (1) Request for

1  Relief to Protect Confidentiality and to Prevent Continuation of

2  Unethical Procedures (Doc. #933) filed on August 21, 2014 and

3  removed by order of the court on October 3, 2014 (Doc. #940);

4  (2) Declaration of Gerald Stanley regarding Attorney

5  Representation – prepared and served by Mr. Leavitt (Doc. #937);

6  (3) Motion to Dismiss Sanctions Motion (not filed, pursuant to

7  Doc. #962); (4) Motion for Court Order to Assure Gerald F.

8  Stanley's Presence at Hearing on Sanctions Motion (not filed,

9  pursuant to Doc. #962); and (5) Declaration of Gerald F. Stanley

10  Opposing Sanctions Motion and Requesting Presence at Hearing (not

11  filed, pursuant to Doc. #962).  Given the unambiguous nature of

12  both Magistrate Judge Hollows' and Magistrate Judge Delaney's

13  orders, it cannot be said that Magistrate Judge Delaney's

14  findings were clearly erroneous or contrary to law.

15      The Court further finds that the myriad issues and arguments

16  raised by Mr. Leavitt are not relevant and raise no issues of

17  material fact.  See United States v. Ayres, 166 F.3d 991, 996

18  (9th Cir. 1999).

19                          II.   ORDER

20      For the reasons set forth above, the Court DENIES Mr.

21  Leavitt's Request for Reconsideration.

22      IT IS SO ORDERED.

23  Dated:  January 23, 2015

24                                    _____

25                                    JOHN A. MENDEZ,
                                      UNITED STATES DISTRICT JUDGE

26

27

28