1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JERRY F. STANLEY,                          No.  2:95-CV-1500 JAM CKD

12                  Petitioner,                  DEATH PENALTY CASE

13         v.

14   WARDEN, San Quentin State Prison,           ORDER

15                  Respondent.

16

17         On February 4, 2015, the undersigned held a hearing on petitioner's motion to compel.

18   Joe Schlesinger and Tivon Schardl appeared for petitioner.  Attorney Jack Leavitt also appeared.

19   In addition to argument on the motion to compel, the court heard argument on the amount of

20   sanctions to be levied against Mr. Leavitt pursuant to the December 19, 2014 order.

21                                  Motion to Compel

22         In December 2014, the court granted petitioner's motion to issue a subpoena duces tecum

23   to Mr. Leavitt for his files regarding his representation of petitioner Stanley.  (ECF No. 965.)  On

24   December 10, 2014, petitioner's counsel issued the subpoena.  (ECF No. 975-1.)  The subpoena

25   required Mr. Leavitt to produce the following documents by December 24:

26         ANY AND ALL DOCUMENTS RELATED OR REFERRING TO
           GERALD FRANK STANLEY, including but not limited to any
27         and all case files, correspondence, drafts, investigative reports,
           notes, electronic or recorded messages, recordings, computer files,
28         related to any and all proceedings, including but not limited to

                                        1

USDC No. 2:95-cv-1500, 9th Cir.Nos. 04-16255,  08-99026,   13-15987,  Butte Co. No. 079825,  Lake Co. No. CR-1323.

(Id.)  In addition, the subpoena included a copy of the provisions of Federal Rule of Civil Procedure 45(c), (d) and (e) regarding Mr. Leavitt's duty to respond to the subpoena and "the potential consequences of not doing so."  (Id.[1])  In a letter dated December 17, 2014 to petitioner's counsel Joe Schlesinger, Mr. Leavitt refused to turn over any documents and objected to the subpoena on four grounds:  (1) it did not offer to compensate his expenses to drive to Sacramento with the files; (2) it created an undue burden to provide such a "wide array of claimed documents;" (3) petitioner Stanley has stated that the Federal Defender does not represent him and may not seek to subpoena documents from any of his other attorneys; and (4) the attorney/client privilege prevents Mr. Leavitt from turning over the documents against petitioner Stanley's wishes.  The present motion to compel followed.  (ECF No. 975.)

Pursuant to Rule 45(d)(2)(B), a person subject to a subpoena duces tecum may object to the subpoena within 14 days after service.  If the objections assert any privileges, they must "describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim."  Fed. R. Civ. P. 45(e)(2)(A)(ii).  Once an objection is made, the party serving the subpoena may move to compel compliance.  Fed. R. Civ. P. 45(d)(2)(B)(i).  Each of Mr. Leavitt's objections is addressed, and rejected, below.[2]

1.   Failure to Provide Witness Fees and Mileage

The subpoena did not command Mr. Leavitt's attendance and the court finds it is not necessary for Mr. Leavitt to deliver the documents himself.   Accordingly, no witness fees or travel expenses are required.

---

[1] The copy of the subpoena provided with petitioner's motion to compel does not include this attachment.  Even if the rule sections were not attached, however, the subpoena provided Mr. Leavitt, an attorney, notice of his responsibilities.

[2] The court recognizes that Mr. Leavitt made several additional arguments in his opposing brief, including an assertion that the undersigned has demonstrated bias against him.  None of those arguments has any merit.

2

2. <u>Undue Burden</u>

Mr. Leavitt objected on the basis that petitioner is "demanding more than sixteen years of paperwork." (ECF No. 975-1.)  In his opposition to the motion to compel, Mr. Leavitt referred to the documents sought as numerous, but appeared to be primarily concerned with the costs of production. (ECF No. 987 at 7-8.)  As described above, Mr. Leavitt need not personally deliver the documents.  Further, the court will order petitioner's counsel to pay for the costs of delivery and the costs of return of the documents to Mr. Leavitt.

3. <u>Petitioner has Stated that his Appointed Attorneys may not have the Documents Sought</u>

As has been noted throughout these proceedings, petitioner Stanley has been consistently inconsistent.   Recent events once again demonstrate his fickleness.  In a January 29, 2015 order the court addressed Mr. Stanley's August 2014 statements to his appointed attorneys that his "time" with Mr. Leavitt "is up;" "Eleven years of this having fun is over with."  (ECF No. 991-2 at 2.)  During the February 4 hearing, Mr. Leavitt provided the court with a letter apparently authored and signed by Mr. Stanley indicating, among other things, that he did not wish his appointed attorneys to continue to represent him and does not want Mr. Leavitt to provide the subpoenaed files to his appointed attorneys.  As Mr. Leavitt conceded at the hearing, however, no one knows what Mr. Stanley wants at any given moment.  Mr. Leavitt's objection to the subpoena on this ground is overruled.

4. <u>Attorney/Client Privilege</u>

Mr. Leavitt argued that because his relationship with petitioner Stanley is solely one of attorney and client, all documents in his files are covered by the privilege.  That is not the case. "The fact that a person is a lawyer does not make all communications with that person privileged." <u>United States v. Martin</u>, 278 F.3d 988, 999 (9th Cir. 2002).  Further, "[b]lanket assertions" of the privilege are "'extremely disfavored.'" <u>Id.</u> at 1000 (quoting <u>Clarke v. Am. Commerce Nat'l Bank</u>, 974 F.2d 127, 129 (9th Cir. 1992)).  The party asserting a privilege has the burden of identifying "specific communications and the grounds supporting the privilege as to each piece of evidence over which privilege is asserted." <u>Id.</u>  Mr. Leavitt has failed to identify any documents as privileged.  Even if he had, petitioner has waived any assertion of privilege or

3

1  attorney work product protection by making a claim of ineffective assistance of counsel at the

2  retrospective competency proceeding.  See Osband v. Woodford, 290 F.3d 1036, 1042 (9th Cir.

3  2002).  Mr. Leavitt's objections based on privilege are overruled.

4      Because Mr. Leavitt's objections to the subpoena are baseless, petitioner's motion to compel

5  will be granted.  After being told during the hearing that the motion would be granted, Mr. Leavitt

6  first informed the court that he would refuse to turn over the subpoenaed documents to

7  petitioner's appointed attorneys but would be willing to deliver them to petitioner at San Quentin

8  Prison.  When the court informed Mr. Leavitt that turning the documents over to petitioner would

9  be in direct violation of this order and would subject Mr. Leavitt to further sanctions, Mr. Leavitt

10  stated that he will obey the court's order and would not give the files to petitioner.  In addition,

11  Mr. Leavitt represented, as an officer of the court, that he would not destroy any of the

12  subpoenaed documents.  Because the documents are currently maintained at Mr. Leavitt's home,

13  however, the court has concerns about the security of the subpoenaed documents.  It was

14  suggested during the hearing that the documents be delivered to the court for safekeeping during

15  the pendency of any motion for reconsideration.  Mr. Leavitt agreed to that suggestion and

16  requested that a delivery service pick up the documents from him in the afternoon of Friday,

17  February 6, 2015.

18                                                    Sanctions

19      On December 19, 2014, the court granted petitioner's counsel's motion for sanctions against

20  Mr. Leavitt.  (ECF No. 972.)  The court found that Mr. Leavitt made, or attempted to make, five

21  filings in violation of court orders.  (Id. at 11.)  The district judge denied Mr. Leavitt's motion for

22  reconsideration of that order.  (ECF No. 990.)  Petitioner's counsel filed a statement of their time

23  spent responding to Mr. Leavitt's filings and making the motion for sanctions.  (ECF No. 980.)

24  Mr. Leavitt filed objections to the stated fees.  (ECF No. 983.)  Those objections are meritless.

25  First, the $180/hour rate for attorney time is not unreasonable.  It is the figure the Administrative

26  Office of the United States Courts, and this circuit's Judicial Council, have adopted as the

27  maximum reasonable rate of pay for counsel in a capital habeas case.  Both Mr. Schardl and Mr.

28  Schlesinger easily meet the standards for payment of lead counsel in a capital habeas case.

4

1 | Therefore, the $180/hour rate should be applied to them.

2 |     Mr. Leavitt's second objection is that a thirty-minute conference with petitioner should not be

3 | charged to him because it is not clear what was discussed.  The court accepts petitioner's

4 | counsel's representation that this conference was necessitated by Mr. Leavitt's filings.  Mr.

5 | Leavitt makes several other objections regarding which filings he "made."  Those arguments were

6 | addressed previously in the motion for sanctions and will not be revisited here.

7 |     Finally, Mr. Leavitt objects to paying for a supplemental brief petitioner's counsel filed after

8 | argument on the sanctions motion.  This objection is valid.  Mr. Leavitt will not be charged with

9 | the 10.5 hours petitioner's attorneys spent on that filing.   That reduces the total amount of

10 | sanctions from the $11,010.00 sought by petitioner's counsel to $9,120.00.

11 |     For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

12 |     1.  Petitioner's December 31, 2014 Motion to Compel (ECF No. 975) is granted.   Mr.

13 |         Leavitt may file a motion for reconsideration of this order.  Any motion for

14 |         reconsideration shall be filed by February 13, 2015.  Mr. Leavitt may seek an

15 |         extension of time of this deadline, with a showing of good cause.

16 |     2.  Petitioner's counsel shall arrange for a commercial delivery service to respond to Mr.

17 |         Leavitt's home on February 6, 2015, to pick up all documents responsive to the

18 |         subpoena.  The delivery service shall deliver the documents to the Office of the Clerk

19 |         of this court as soon as practicable after receiving them.  The documents received by

20 |         the court will neither be filed nor lodged. The documents will be held by the Clerk of

21 |         Court and secured in a restricted room. The person delivering the documents should

22 |         specifically note that the documents are neither lodged nor filed, refer to this order in

23 |         the cover letter, and provide a copy of this order in the box or boxes delivered.

24 |     3.  If Mr. Leavitt fails to file a timely motion for reconsideration of the court's order

25 |         granting the motion to compel, petitioner's counsel may obtain the box(es) of

26 |         documents from the court.  Within two weeks of receipt of the documents, petitioner's

27 |         counsel shall return them to Mr. Leavitt.

28 |     4.  Mr. Leavitt is ordered to pay sanctions in the amount of $9,120 pursuant to the

December 19, 2014 order.  Mr. Leavitt may file a motion for reconsideration of this sanctions amount.  Any motion for reconsideration must be filed by February 18, 2015.  If Mr. Leavitt fails to make a timely motion for reconsideration, he shall pay $9,120 to the Clerk of the Court no later than February 20, 2015.  Mr. Leavitt may seek extensions of time of these deadlines, for good cause.

5. To the extent petitioner's counsel requests further sanctions levied against Mr. Leavitt, those requests are denied.  However, Mr. Leavitt was warned during the hearing, and is warned again here, that his failure to comply with any aspect of this order will subject him to sanctions.  And, to reiterate what this court has previously made clear, Mr. Leavitt may not file any documents in this court unless specifically permitted to do so.

Dated:  February 4, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

Stanley mtc.or

6