1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JERRY F. STANLEY,                        No.  2:95-CV-1500 JAM CKD

12              Petitioner,                    DEATH PENALTY CASE

13        v.

14   WARDEN, San Quentin State Prison,        ORDER

15              Respondent.

16

17        Petitioner, a state prisoner under sentence of death, has filed an application for a writ of

18   habeas corpus pursuant to 28 U.S.C. § 2254.  In April 2013, the Court adopted the magistrate

19   judge's findings that Petitioner had not exhausted all claims in state court, and issued a stay

20   pending exhaustion.  (ECF No. 903.)  In October 2014, Respondent filed this motion to dismiss,

21   arguing that the admittedly lawful stay has "transformed into" an unlawful abuse of discretion.

22   (ECF No. 942.)  The magistrate judge filed findings and recommendations suggesting that the

23   Court deny the motion.  (ECF No. 965.)  Respondent timely filed objections.  (ECF No. 976.)

24        The Court has reviewed the file and finds the findings and recommendations to be

25   supported by the record and by the magistrate judge's analysis.  Furthermore, for the reasons

26   discussed below, the Court overrules Respondent's objections.

27        Respondent raises two arguments in his objections.  He first responds to the magistrate

28   judge's conclusion that his argument is "extremely belated" because he already "had an

                                              1

1   opportunity to challenge the stay by objecting to the [January 2013] Findings and

2   Recommendations" and "did not do so."  F&R at 4:14-17.  Respondent asserts that his motion is

3   now timely, because the stay "was initially lawful but became unlawful when it became clear that

4   it was indefinite[.]"  Obj. at 4:2.

5        Respondent's argument fails because he cited no authority to support this theory that a

6   stay that is "lawful" when issued can "transform[] into" an unlawful stay, or that a stay that is not

7   an abuse of discretion can become "a clear abuse of discretion" at a later date.  See Obj. at 2:14-

8   15, 3:26.  Respondent's argument relies on Rhines v. Weber, 544 U.S. 269 (2005) for the

9   proposition that an indefinite stay constitutes an abuse of discretion.  See Obj. at 2-3.  Rhines

10  indeed established the standard for issuing a stay to allow a petitioner to exhaust unexhausted

11  claims in a "mixed" petition.  See 544 U.S. at 277-78.  But the case says nothing about whether or

12  when a court abuses its discretion by failing to alter a stay that it previously issued.  Respondent

13  concedes that the stay was lawful as issued in 2013 and he cites no authority under which a court

14  could find that the same stay has become unlawful two years later.  The Court therefore overrules

15  Respondent's first objection.

16       Respondent's second contention is that the magistrate judge erred by "impos[ing] the

17  burden of show [sic] lack of merit on Respondent[.]"  Obj. at 5:17.  Respondent's brief then

18  launches into a lengthy discussion of the merits, apparently in response to the magistrate judge's

19  observation that his motion provided no basis or argument for the proposition that the claims are

20  meritless.  See F&R at 5; Obj. at 5-20.  The Court overrules this objection and disregards the

21  merits discussion, because whoever bears the burden of proving that the claims have or lack

22  merit, the issue does not bear on the outcome of this motion to dismiss.  Indeed, Respondent

23  wishes the Court to consider the merits as part of the Rhines inquiry.  See Obj. at 5.  But as

24  discussed above, Respondent has provided no legal basis for applying Rhines to this two-year-old

25  stay.  The Court therefore rejects Respondent's second argument.

26

27

28

                                        2

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed December 3, 2014 are adopted in full; and

2. Respondent's motion to dismiss (ECF No. 942) is DENIED.

DATED:  March 18, 2015

/s/ John A. Mendez_____

UNITED STATES DISTRICT COURT JUDGE